In the Matter of the Estate of HARRY W. WAINMAN, an Incompetent.

Supreme Court, Oneida County, August, 1923.

Insurance — life — husband and wife — when wife has vested interest in policy on husband's life — incompetency of husband — committee cannot compel wife to surrender policy.

A policy of insurance upon the life of a husband reserving to him the right to change the name of the beneficiary, was made payable to his wife upon her agreement to pay the premiums out of the money he allowed her for the management of the house and her private funds. At the time the husband was adjudged an incompetent person the name of the beneficiary had not been

changed and the premiums had been paid by the wife as agreed, except during the year that she acted as his committee when the premium was paid from the receipts of the business she was conducting for him. *Held*, that by contract and by operation of law the wife had a vested interest in and to the policy of which she could not be deprived without her consent.

The committee of the person and estate of the husband was and is without power, either by overt act or otherwise, to change the name of the beneficiary of the policy, and a motion to compel the wife to surrender to said committee the policy or its cash surrender value on the ground that the committee was entitled thereto as part of the incompetent's estate and had the right to use the same for the payment of his debts and for his care and support, will be denied.

MOTION by committee to obtain possession of policy on life of incompetent.

*Dunmore, Ferris & Dewey,* for committee.

*Merrill, Sisson & Hannigan,* opposed to petition.

MARTIN, LOUIS M., J.   This is a motion made by the Citizens Trust Company, of Utica, N. Y., as committee of the person and estate of Harry W. Wainman, an incompetent person, now confined in the Utica State Hospital, at Utica, N. Y., to compel his wife, Myra Wainman, to turn over to the committee policy No. 1384560, Northwestern Life Insurance Company for $10,000, the cash value of which is the sum of $448.90, on the ground that the committee is entitled to the cash value as part of the incompetent's estate and has a right to use it for the payment of his debts and for his care and support, and that the fund does not belong to the wife.

This policy was the ordinary life policy and contained the clause that the insured reserved the right to change beneficiary at any time.   The original beneficiary was the wife, Myra Wainman, and this had not been changed at the time that the disability of the husband took effect.   It appears in the moving papers that there are outstanding obligations of the incompetent, and unless this money is applied, his estate will become insolvent.

It appears by the affidavit of the wife herein, that Harry W. Wainman, the incompetent, prior to 1920, had a policy of insurance of $10,000 made payable to his wife, which matured and was paid up; that during the years 1919–1920 Mrs. Wainman urged the taking out of a new policy and that she made a proposition to Mr. Wainman that if he would take out such a policy for $10,000 she would pay the premiums out of the fund that he allowed her for the management of the home and her private funds, providing that he would make her the beneficiary under the policy, and that in accordance with that arrangement, on or about January 6, 1920, the husband applied for the insurance and the policy in

dispute was issued; that she paid out of the funds the premiums on this policy except during the year that she acted as committee, when the amount was paid out of the receipts from the business which she was conducting for her husband; that the husband took out said insurance under said arrangement and Myra Wain-man takes the position that he did that as her agent, and made her the beneficiary accordingly; that she has a vested interest in the policy, desires to continue paying the premiums, does not wish to surrender it, has had it in her possession since it was issued and refuses to deliver it up.

The first question that presents itself is whether or not the petitioner, the Citizens Trust Company, has a right under these circumstances to revoke the designation of Mrs. Wainman as beneficiary, either by cancellation and surrender of the policy, or by filing a statement of revocation. No adjudicated cases have been submitted by counsel bearing directly on this question. The general proposition of law on the subject is that the committee occupies the "same position and fills the same place as the lunatic in regard to his personal estate and property." *Viets* v. *Union National Bank of Troy*, 101 N. Y. 563, 569. Also, it is the paramount duty of the committee to attend to the personal wants and comforts of the incompetent without reference to the heirs at law and expectants. *Matter of Reed*, 18 Misc. Rep. 285.

A careful reading of these decisions leads to the conclusion that they apply to ministerial acts; the protection of the estate; the collecting of the assets; and the caring for the incompetent according to his station in life; but that it does not confer upon the committee a discretionary power to change an act performed by the incompetent before he was afflicted with the disability and deprive the beneficiary of that act and of a right conferred by the incompetent when he was mentally qualified to confer it, and thus perhaps prevent the performance of an act that the incompetent would insist on having performed if he had retained his natural faculties.

The law never intended that a committee should be clothed with power to deprive a wife of the benefits of an act of love and affection, performed by the husband when his mental faculties were active, based on the proposition that now he cannot speak intelligently for himself; and therefore, the committee has the right to step in and nullify the act, which common knowledge shows to be the usual incident relative to the marriage relation. The committee, therefore, was and is without power, either by overt act or otherwise, to change the beneficiary of the policy.

The further question presented is, whether or not the cash value of the policy becomes by operation of law merely an asset of the

incompetent, or is the sole and absolute property of the wife. The statutes that have been enacted to afford financial protection to dependents should not be limited in their scope by the courts. *Lukasik* v. *Czarezynski*, 162 N. Y. Supp. 1, 3.

Section 52 of the Domestic Relations Law is practically a re-enactment of chapter 80 of the Laws of 1840. This act was passed for the express purpose of protecting a married woman in her right to receive the proceeds of an insurance policy issued on the life of the husband. It provides that she should receive this fund, irrespective of his debts which accumulated by reason of the policy and it allowed an expenditure of $500 a year out of the husband's money, the proceeds of which were subject to this protection. By chapter 821 of the Laws of 1873, the wife acquired the right to dispose of this fund by assignment or otherwise. This is now a part of section 52 of the present law. In the case at bar Myra Wainman followed strictly the aforesaid section, causing the life of her husband to be insured, and assuming the payment of the insurance premiums out of her allowance.

Basing the proposition, therefore, on the facts submitted, a discussion of the case cited by the petitioner on this point becomes unnecessary, particularly the case of *Bradshaw* v. *Mutual Life Ins. Co.*, 187 N. Y. 347, which involves an entirely different state of facts.

While cases vary according to the facts, the general proposition advanced in *Whitehead* v. *New York Life Ins. Co.*, 102 N. Y. 143, has never been repudiated as a fundamental proposition. The wife, Myra Wainman, at the moment of the execution of the policy, acquired a vested interest in and to the same. She had the right to continue payments of the premiums and continue it in force. The husband during his competency could not surrender the policy without the consent of his wife, and, therefore, the committee certainly could not perform an act of like character.

It follows, therefore, that the said Myra Wainman, by contract and by operation of law, has a vested interest in and to the policy in question; that she cannot be deprived of it without her consent; and that the committee, the petitioner, has no right, title, or interest in and to the same, adverse to the interest of said Myra Wainman.

An order may be prepared denying motion of petitioner, with ten dollars costs.

Ordered accordingly.