KAY and others, Respondents, vs. ERICKSON, Executrix, Appellant.

*September 14—October 11, 1932.*

For the appellant there was a brief by *Alexander Wiley* and *Robert L. Wiley,* both of Chippewa Falls, and oral argument by *Alexander Wiley.*

For the respondents there was a brief by *Knowles & Doolittle* of River Falls, and oral argument by *L. S. Doolittle.*

NELSON, J. The facts in this action are undisputed. Patrick Egan, a resident of the city of Chippewa Falls, had issued to him, on the 14th day of April, 1921, by Catholic Knights of Wisconsin, a certain benefit certificate wherein and whereby Catholic Knights of Wisconsin agreed, upon certain conditions to be performed by Patrick Egan, to pay "in the manner and form prescribed by the constitution and laws, to his sister Margaret Blackburn, being the beneficiary designated by him in said application, or to the beneficiary or beneficiaries that he may designate in the certificate, if any, made in lieu of this on the surrendering of this certificate, in the manner prescribed by the constitution and laws of the order, the sum of $2,000."

The certificate further provided:

"This certificate is issued upon the express condition that no personal liability shall attach to any officer or member of this order, and that this certificate shall not be valid until countersigned by the president and secretary of the aforesaid branch, and shall be of no force or effect until delivered to said Patrick Egan and signed by him at a regular meeting of the branch as provided for in the constitution."

The articles of incorporation of said order contain the following provision:

"If no person is designated as beneficiary in the certificate, or if the person or persons so designated have predeceased the member, such sum shall be paid to the person or persons to whom the same shall be given and bequeathed in the last will and testament of the member, and to the person or persons who are his heirs under the laws of the state of Wisconsin, if he shall die intestate."

The by-laws of the order contain the following:

Chapter 5, section 27. "A member may at any time upon due application through his branch, surrender a bene-

fit certificate and change the beneficiary named therein to any other beneficiary provided for in the articles of organization, by paying $1 for a new certificate."

On April 24, 1929, Mr. Egan made his last will which included the following provisions:

"*Second.* I give and bequeath to my sister, Maggie Blackburn, of Bruce, Wisconsin, five dollars ($5). I have already made my sister beneficiary in my insurance policy in the Catholic Knights of Wisconsin, she to receive from said policy approximately fifteen hundred dollars."

"*Third.* I give and bequeath to John M. Egan, Isabelle Egan, Agnes Egan, Patricia Egan and Eleanor Egan, the children of my deceased brother, Martin Egan, one dollar."

"*Twenty-sixth.* All the rest of my property, real, personal, or mixed, I give and bequeath to my sister-in-law, Mrs. Emanuel Erickson, of Eau Claire, Wisconsin."

On June 25, 1929, Mr. Egan was adjudged incompetent by the county court of Chippewa county and one J. A. Watson of Chippewa Falls was appointed as his guardian, which guardianship continued to the date of his death.

Thereafter, on November 3, 1929, Margaret Blackburn, the beneficiary named in said certificate, died, and on November 30th thereafter the guardian surrendered the certificate hereinbefore mentioned by indorsing upon the certificate the following:

"I, Patrick Egan, within named, and to whom the within named certificate was issued, hereby surrender same and ask that a new certificate be issued to me, and that my estate be named as beneficiary therein. Dated this 30th day of November, 1929. J. A. Watson, guardian for Patrick Egan, Incompetent."

A new certificate was thereupon issued by the order in which the estate of Patrick Egan was named as beneficiary therein.

Prior to the time of the guardianship proceedings Patrick Egan had borrowed from the order, on his certificate, a considerable sum of money. Thereafter the guardian sur-

rendered the second certificate mentioned, and obtained a third certificate dated May 2, 1931, wherein the amount of the benefit to be paid by the order was reduced to $1,176.57. This was done so as to pay up the order for the loans made and to stop the interest thereon.

Upon the death of Patrick Egan, which occurred on May 12, 1931, his will was duly admitted to probate and Mrs. Emanuel Erickson was appointed executrix thereof. The plaintiffs are the heirs at law of Patrick Egan, deceased.

The trial court found the facts substantially as stated and concluded that the only valid certificate issued by the order to Patrick Egan was the first one hereinbefore mentioned dated April 14, 1921; that the subsequent certificates issued in his name were not issued or accepted according to the laws of the order and are void, and no change in the beneficiary from that named in the certificate was ever made by Patrick Egan or by any one who was authorized to name a beneficiary according to the laws of the order, and that the persons who were entitled to the proceeds as beneficiaries must be ascertained and determined by the provisions of article III of the constitution of the order; that no designation of any person except Margaret Blackburn as beneficiary was made by the last will of Patrick Egan; that on the death of Margaret Blackburn her designation as beneficiary ceased to be in force and effect; that the plaintiffs as heirs at law of the deceased are entitled to the proceeds under the laws of the order, and are entitled to judgment determining that they are the owners of the money paid into court.

This appeal gives rise to the following questions for decision:

(1) Did the guardian have authority to designate the estate of Patrick Egan as beneficiary? (2) Did the residuary clause contained in Egan's will operate to give and

bequeath the proceeds of the certificate to Mrs. Emanuel Erickson, the residuary legatee? (3) If both questions should be answered No, must it be held that the heirs at law may not raise the question as to the validity of the guardian's act designating the estate of his ward as beneficiary?

The contention of the defendants that upon the death of Margaret Blackburn the guardian of Patrick Egan had authority to designate the estate of Patrick Egan as beneficiary is, in our opinion, without merit. While a guardian probably may surrender a benefit certificate or insurance policy and consent to a reduction in the amount thereof for the purpose of paying a policy loan to stop the running of interest charges, and while a guardian may undoubtedly surrender a policy of his ward upon payment to him of the cash surrender value thereof for the purpose of providing necessary funds for the support and maintenance of his ward or for what, at the time, may seem to be in the interest of his ward (*Maclay v. Equitable Life Assurance Society*, 152 U. S. 499, 14 Sup. Ct. 678), no case is cited to our attention, and we have found none, which supports the contention that a guardian of an incompetent may designate a beneficiary in a policy issued to his ward while the latter was competent. No case has been found in which such a contention has ever been made. In our opinion a guardian has no more authority to designate a beneficiary in a policy of insurance upon the life of a ward than he would have to change the will of his ward by executing a codicil thereto or by executing a wholly new will. Since Mr. Egan designated his sister as beneficiary in the certificate herein, and thereafter accepted it pursuant to the rules and regulations of the order, it must be held, in the absence of a change of beneficiary effected by him according to the rules and by-laws of the order, that the proceeds, in case of the death of

the named beneficiary prior to his death, go to those persons who are entitled to them under the articles of incorporation. It is true that Margaret Blackburn did not die while Patrick Egan was competent. It may well be that had he remained competent he would have named a new beneficiary and thereby prevented the devolution of the proceeds of his certificate as prescribed by the articles of incorporation. While he continued to be incompetent his guardian had no authority to change the beneficiary. The proceeds of the certificate must therefore go to those who are entitled to them under the articles of incorporation. As has already been noted, the articles of incorporation of the Catholic Knights of Wisconsin contained the following provision:

"If no person is designated as beneficiary in the certificate, or if the person or persons so designated have predeceased the member, such sum shall be paid to the person or persons to whom the same shall be given and bequeathed in the last will and testament of the member, and to the person or persons who are his heirs under the laws of the state of Wisconsin, if he shall die intestate."

Under these articles the heirs at law are clearly entitled to the proceeds of this certificate unless it must be held that the residuary clause of his will operated to give and bequeath to Mrs. Emanuel Erickson the proceeds of this certificate. A reading of the will convinces us that no such intent is found in the will. Paragraph second of the will is as follows:

"I give and bequeath to my sister, Maggie Blackburn, of Bruce, Wisconsin, five dollars ($5). I have already made my sister beneficiary in my insurance policy in the Catholic Knights of Wisconsin, she to receive from said policy approximately fifteen hundred dollars."

The language contained in that paragraph was undoubtedly inserted for the purpose of explaining the meager gift

bequeathed to his sister and clearly manifests an intent that his sister, not the residuary legatee, should have the insurance proceeds. That she would not survive him seems not to have been contemplated by the deceased. Certainly no intent on the part of Mr. Egan to give and bequeath the proceeds of the certificate to Mrs. Erickson, the residuary legatee and devisee, can be spelled out of his will. This court, in *Hutson v. Jenson,* 110 Wis. 26, 38, 85 N. W. 689, speaking through Mr. Justice Dodge, said:

"We find no well-considered decision sustaining the proposition that a general residuary clause in a will is effective to transfer from one beneficiary to another insurance money the direction of which had already been declared by the contract of insurance. We are clear that under no ordinary circumstances should such clause be accorded such effect, for the reason that, standing alone, it evinces no such intention in the testator. Such moneys, payable by the insurance contract to designated individuals, can in no proper sense be said to be any part of the estate of the testator."

Since the will did not give and bequeath the proceeds of the certificate to any person or persons, and since the proceeds never became a part of the estate, but went to the heirs at law of Patrick Egan pursuant to the provisions of the articles, Mrs. Erickson, as executrix, can have no claim to them.

Had Mr. Egan, while competent, with the approval and consent of the order, made his estate the beneficiary, no question would have arisen as to the right of Mrs. Erickson as executrix to claim the proceeds of the certificate. However, we have no such situation in this case. The attempt of the guardian to name the estate of Patrick Egan as the beneficiary was void and without force and effect; consequently the proceeds never became a part of the estate subject to disposition by the residuary clause.

It is earnestly contended by the defendant that the plaintiffs, as heirs at law, have no right to question the act of the

guardian in naming the estate as beneficiary and that only the order may question the right of the beneficiary named in the certificate to collect the proceeds. Authority is cited in support of the proposition that when a beneficiary is named in a policy who is not a proper beneficiary under the rules of the order, the company or association alone may raise the question. "It is generally held that the regulations concerning the method of changing beneficiaries are prescribed for the protection of the society, and that if the society has by waiver or estoppel lost its right to object to a change of beneficiary no one else may raise that objection. Accordingly if a change of beneficiaries has actually been consummated and acted on by the society in the member's lifetime, the original beneficiary has no standing to attack the change because it was not made in compliance with the regulations of the society, if it did not violate any provision of the public statutes. But the rule is otherwise where no change was actually made in the member's lifetime, or the society had not, before the member's death, assented to an irregular change." 45 Corp. Jur. p. 212.

But in this case the order raises no question as to the beneficiary, and it appears that the plaintiffs are clearly entitled to the proceeds of the certificate unless such proceeds were given and bequeathed by the will of Patrick Egan to some person or persons or unless the naming of the estate as beneficiary by the guardian was good. Since we hold that the act of the guardian in naming the estate the beneficiary was void, and since the will did not give and bequeath the proceeds to any person or persons, it would be the height of injustice to hold that the heirs at law who are entitled to the proceeds under the certificate first issued may not claim the proceeds thereof, sue to recover them, and prove that the attempted change of beneficiary to their injury was void and of no effect.

*By the Court.*—Judgment affirmed.