ROLAND E. COOLIDGE *vs.* EARLE BROWN & another.

Worcester. April 5, 1934. — May 26, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Bank and Banking,* Joint account. *Gift. Conservator.*

Where a woman, who had a deposit in a savings bank in her name, stated to her cousin that she wished to do something for him and thereupon went to the bank, had the deposit changed to one in the names of herself and the cousin jointly, "subject to withdrawal of whole or part by either or the survivor," informed the cousin of the change and showed him the new bank book for the joint account, which she retained, and the cousin thereupon signed the usual identification card required by the bank, a finding was warranted that the woman made to the cousin a completed gift of a joint interest, "with the right of survivorship," in the deposit previously standing in her name; the reservation by her of the right of withdrawal during her life did not impair the validity of the gift.

About one and one half years after the making of the gift above described, a conservator of the woman's property was appointed. Thereupon, without the consent of the cousin, the conservator caused the bank deposit to be changed to one in his name as conservator as sole owner, withdrew most of the money from the account and with it purchased securities, which he took in his name as conservator. Thereafter he made certain deposits in and withdrawals from the account. There was a balance on deposit in the account at the time of the woman's death. At the hearing of a petition filed by the cousin in a probate court after the woman's death, the foregoing facts appeared and there was no evidence of the woman's necessities. *Held*, that, in the circumstances, the change of the joint account to one in the name of the conservator gave the conservator no title, enforceable against the cousin in the lifetime of the woman or after her death, to the money on deposit in the account at the time of such change or to the securities so purchased with a portion of that money.

It *was stated* that the additions made to the account by the conservator as above described did not become the joint property of the woman and the cousin in the circumstances.

A conservator has no title to the property of his ward.

PETITION, filed in the Probate Court for the county of Worcester on May 22, 1933, against Earle Brown, formerly conservator of the property of Mary L. Hastings, late of West Boylston, and Martha R. Hemphill, executrix of the will of Mary L. Hastings.

The petition was heard by *F. H. Chamberlain*, J., by whose order a decree was entered as follows: It "appearing that at the time of the appointment of said conservator, the savings bank deposit described in said petition was a joint account in the name of Mary L. Hastings or Roland E. Coolidge, subject to withdrawal of whole or part by either or the survivor"; that when he received his appointment, "the said conservator caused said account to be changed to read, — 'Earle Brown, conservator of Mary L. Hastings,' and on the same day withdrew $2,000 from said account and invested this sum in the purchase of 10 paid up shares in . . . Equity Co-operative Bank, the said shares being issued in the name of Earle Brown, conservator of Mary L. Hastings; that the savings bank book and the Equity Bank shares were retained by said conservator unchanged in the apparent ownership until the death of said Mary L. Hastings and are now in the possession of said conservator.

It is therefore decreed that upon the death of said Mary L. Hastings, the petitioner, as survivor, became entitled to the remaining balance of said bank account and also to the 10 Equity. Bank shares purchased by the $2,000 withdrawn by said conservator, and the respondents, Earle Brown and Martha R. Hemphill, are directed to make over and transfer said savings bank account and said Equity Bank shares to said petitioner, Roland E. Coolidge, to be held by him as his absolute property."

The respondents appealed. Material facts found by the judge and reported by him are stated in the opinion.

W. S. *Kinney*, for the respondents.

H. V. *Madden*, for the petitioner, submitted a brief.

PIERCE, J. This is a petition in equity brought to recover the amount of a savings bank deposit and ten paid up shares of a coöperative bank. A decree was entered in favor of the petitioner on July 8, 1933, from which the respondents appealed. Thereupon the respondents under G. L. (Ter. Ed.) c. 215, § 11, requested the judge of probate by whom the decree was made to report the material facts.

The reported facts are as follows: "On July 25, 1930, Mary L. Hastings, a single woman seventy-three years of age, was the owner of a savings bank book showing a deposit of about $2,000 standing in her name in the Worcester Five Cents Savings Bank. On that day she told her cousin, the petitioner in this case, that she wished to do something for him and asked him to come with her to the savings bank. There she had the deposit changed to a joint account of herself and said petitioner and a new bank book was issued with the provision thereon, — 'Subject to Withdrawal of Whole or Part by Either or the Survivor.' She then called the petitioner into the bank, informed him of the transfer of the deposit into their joint names and showed the new book to him. The petitioner then signed the usual identification card required by the bank. No contention was made that Miss Hastings was not entirely competent to make this transfer and its validity was not questioned at the hearing. She retained the bank book in her possession and thereafter withdrew two dividends, one of $50 and one of $44.53. Excepting

these dividends, no withdrawals were made by either Miss Hastings or Coolidge. On January 12, 1932, the respondent, Earle Brown, was appointed conservator of the property of said Mary L. Hastings, and on January 15, 1932, caused the joint bank account to be transferred to himself so that the account stood, — 'Earle Brown, Conservator to Mary L. Hastings,' — the name of Roland E. Coolidge being eliminated. This was done without the consent of said Coolidge. On January 15, 1932, the conservator withdrew from the new account standing in his name the sum of $2,000 and invested it in the purchase of ten paid up shares of the Equity Cooperative Bank of Worcester, said paid up shares being taken in the name of Earle Brown, Conservator of Mary L. Hastings. These shares were delivered to the conservator and are now in his possession. After the withdrawal of the above $2,000 there remained to the credit of the conservator in said bank the sum of $18.69." Thereafter the conservator made six deposits amounting to $227; the addition of interest, and two withdrawals by the conservator amounting to $201.02, left a balance in said account on April 1, 1933, of $48.07. Mary L. Hastings died testate on February 8, 1933. The judge found "that on July 25, 1930, Mary L. Hastings made a completed gift to Roland E. Coolidge of a joint interest in the savings bank account then standing in her name in the Worcester Five Cents Savings Bank, with the right of survivorship in case she predeceased him."

As matter of law Mary L. Hastings could legally change a deposit of money in a savings bank to the joint account of herself and Roland E. Coolidge, which change would operate as a present and complete gift in joint ownership if she clearly intended such a result. *Battles* v. *Millbury Savings Bank*, 250 Mass. 180, 187. The reservation of the right of withdrawal, like the reservation of income for the donor's life, does not impair the validity of the gift. G. L. (Ter. Ed.) c. 167, § 14. *Chippendale* v. *North Adams Savings Bank*, 222 Mass. 499, 502. *Jones* v. *Old Colony Trust Co.* 251 Mass. 309, 312. *Stone* v. *Hackett*, 12 Gray, 227. *Davis* v. *Ney*, 125 Mass. 590. The additions to the savings account in the instant case did not become joint property.

See *Rockefeller* v. *Davenport,* 277 Mass. 105. *Kentfield* v. *Shelburne Falls Savings Bank,* 273 Mass. 548. A conservator has no title to the property of his ward. *Rollins* v. *Marsh,* 128 Mass. 116. *Day* v. *Old Colony Trust Co.* 228 Mass. 225, 228. *Johnson* v. *Nourse,* 258 Mass. 417. It follows upon the reported facts that the transfer of the bank account so that it stood in the name of "Earle Brown, Conservator to Mary L. Hastings" (the name of Roland E. Coolidge being eliminated), without the consent of Coolidge, gave to the conservator, in the absence of evidence of his ward's necessities, no title to the changed account enforceable against the joint owner in the lifetime of his ward, nor title to the bank account or its avails standing in his name after the death of his ward.

*Decree affirmed.*