Hart, J.
 

 The Probate Court found “that the act of Carl M. Johnson, as guardian, in naming the estate of his ward, Susan Sellers, as beneficiary of her policy * * * was void.” The order of the court was “that said exceptions be, and they are hereby sustained and said administrator is ordered to correct and amend his inventory and appraisal by excluding therefrom the following assets: cash proceeds from The Phoenix Mutual Life Insurance Company, policy No. 820-927 in the total sum of $1,912.37.” That court, in the course of its opinion, said:
 

 “The question in the main is whether the guardian could, under the circumstances herein set forth, change the beneficiary on his ward’s life insurance policy.
 

 i Í
 
 *
 

 “There appears to be no statutory authority in Ohio
 
 *487
 
 which would permit the guardian lo change the beneficiaries on his ward’s policy.”
 

 The Court of Appeals reversed the judgment of the Probate Court “for error of law in sustaining exceptions to inventory” and, in its opinion, stated in part the reasons for the reversal as follows:
 

 “It is our conclusion, from the evidence, that the change in beneficiary was accomplished by the guardian to the estate of the ward for the benefit of the ward and her estate, to provide adequate security for hospital care and other necessaries brought about by reason of her sudden illness. * * * The evidence also shows that an attempt was made to procure the policy from the exceptors before the appointment of the guardian, without avail. By their refusal to deliver up the policy, upon demand, the exceptors thwarted the attempt of the insured to make a change in beneficiary in her own interest before the appointment of the guardian. * * *
 

 “The only reasonable inference that can be drawn from the evidence is that the application for the appointment of a guardian was for the purpose of procuring the policy to enable the ward to exercise her right to change the beneficiary for her own benefit. The parties may have been mistaken as to their means of accomplishing their purpose but certainly they were attempting to enforce a right in the insured’s interest. Were it not for the wrongful conduct of the exceptors in refusing to deliver up the insurance policy upon demand made, the change of beneficiary would have been effected without the appointment of a guardian. The decedent at that time was
 
 sui juris
 
 although physically incapacitated, and she had a clear right to the possession of the policy and it should have been delivered to her brother, acting as her agent, upon demand.
 

 
 *488
 
 “Furthermore, the record shows conclusively that the proceeds of the policy are presently a part of the estate of the decedent, having been voluntarily delivered to the administrator by the insurance company upon proof of death. The exceptors in reality are strangers to the estate, being unrelated to the decedent and any claims asserted by them must rest upon the proposition that they were at one time named as beneficiaries under the policy in question. Their interest, insofar as this record is concerned, is not founded upon any relation to decedent by blood or affinity, or under any contractual claims. * * *
 

 It*
 
 * *
 

 “In the instant case, the evidence is clear that before the appointment of the guardian, the insured had definitely determined to change beneficiaries and through her agent had done everything to the best of her ability to effectuate the change. It was only after the insured was unable to secure the possession of the policy in order to effectuate the change that an application was made for the appointment of a guardian and this application was for the express purpose of accomplishing the change in beneficiary. The provisions of the policy in respect of the mode and manner of making the change was for the benefit and protection of the insurance company and not for the benefit and protection of the one time beneficiaries who are the exceptors herein.
 

 “The decision of the Probate Court in-this matter appears to rest solely upon the abstract principle of law that a guardian merely by virtue of his office is without authority to designate a change of beneficiary on a policy of life insurance upon the life of his ward. This is, generally speaking, a sound principle of law which is not challenged by this opinion. But facts and
 
 *489
 
 circumstances alter cases. The cases upon which, the court seems to rely must be distinguished on the facts."
 

 The authoritative statements of text writers and court decisions are generally that a guardian of an' incompetent is unauthorized, without court authority, to change the beneficiary in an insurance policy of his ward, even though such change purports to make the executor, administrator or assignee of the ward the beneficiary. 2 Appleman on Insurance Law and Practice, 594, paragraph 1128; 2 Couch on Insurance, 927, paragraph 326;
 
 Kay
 
 v.
 
 Erickson, Exrx.,
 
 209 Wis., 147, 244 N. W., 625, 84 A. L. R., 361.
 

 Although the Court of Appeals in the instant case seems not to challenge the rule that a guardian of the person and estate of an incompetent has no power, without order of court, to change the beneficiary of an insurance policy of his ward, yet that court seems to conclude that an unexercised authority, given to Johnson by the decedent before she was adjudged an incompetent and before he was appointed her .guardian (the existence of which authority is supported alone by the testimony of Johnson himself), to change the beneficiary in her policy of insurance survived the adjudication of incompetency so that Johnson could, nevertheless, still exercise such authority to effectuate the change of beneficiary in accordance with her former expressed wish, even though Johnson had a personal interest in the change as a beneficiary of her estate which he, by his own act, made beneficiary of the insurance policy.
 

 The Court of Appeals in support of its position cited the case of
 
 In re Degnan,
 
 122 N. J. Eq., 470, 194 A., 789. In that case, after an adjudication of incompetency, the guardian and the ward jointly made application for change of beneficiary from the former wife of the incompetent. The insurance company refused to
 
 *490
 
 change the beneficiary on the ground that neither the incompetent nor the guardian could legally effectuate such a change. The insurance company, however, agreed to make the change provided the former named-beneficiary consented. This she refused to do.
 
 Whereupon the substituted guardian presented his petition to a court of equity having jurisdiction of the parties and subject matter, alleging the facts and praying for an order authorizing him to execute papers to effect the change of beneficiary desired
 
 and that, upon the filing of such papers with the insurance company, it be required to endorse such change on the policies. The court directed the insurance company to endorse the change on the policies, finding that such change would be beneficial to the incompetent.
 

 Clearly, that case does not support the contention of Johnson in the instant case.
 

 The claim that Johnson had authority as agent of the decedent, before the adjudication of her incompetency, to change the beneficiary of the policy and that such authority survived the adjudication so that such change could be subsequently made under common-law rules of agency is untenable. In the first place Johnson as the agent of the decedent never attempted to change the beneficiary. He as guardian signed the application for the change and disclaimed any right or authority to do so otherwise.
 

 Inquiry was made of him in the hearing on the exceptions in the Probate Court on this subject as follows :
 

 “Q. Why didn’t you change it before your appointment? A. I didn’t change it before my appointment.
 

 “Q. Why didn’t you change it upon [sic] your appointment? Why did you wait until after appointment before you changed the beneficiary? A. That is the only time I could change it.
 

 
 *491
 
 “Q. Why? A. Because 1 wasn’t the guardian before.
 

 ”Q. She was not declared incompetent. A. That doesn’t make any difference.
 

 “Q. * * * before your appointment? A. That doesn’t make any difference. 3 didn’t have no papers to change it.”
 

 Furthermore, the adjudication of incompetency and the appointment of Johnson as guardian of her person and estate clearly revoked whatever authority he had to act as agent for her. Restatement of the Law of Agency, 311, Section 122, comment a and b., and illustrations; 2 American Jurisprudence, 56, Sections 66 and 67; annotation, 47 Am. Dec., 347.
 

 The judgment of the Court of Appeals is reversed and that of the Probate Court affirmed.
 

 Judgment reversed.
 

 Wkyoandt, C. J., Zimmer,man, Stewart, Taft and Matthias, JJ., concur.'
 

 Middleton, J., not participating.