HELEN D. DRAIN, special administratrix, *vs.* BROOKLINE SAVINGS BANK & another.

Norfolk.    November 10, 1950. — May 21, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, & COUNIHAN, JJ.

*Gift. Joint Tenants. Personal Property,* Joint tenancy. *Waiver. Practice, Civil,* Waiver; Requests, rulings and instructions; Appellate Division: appeal. *Res Judicata. Guardian,* Title to ward's property.

Failure by an appellant from an order of an Appellate Division to argue in this court certain matters reported by the trial judge was a waiver of such matters even though the appellant stated in his brief that he relied on them and intended that they be incorporated in the brief by reference.

A decision in an action involving the claims of two claimants to a bank account was not controlling in a subsequent action involving the same claimants but a different bank account and different facts.

A refusal of a request for ruling reported by a judge of a District Court, although not reviewable as of right because of noncompliance with Rule 27 of the District Courts (1940), was nevertheless open in this court because it was reviewed by the Appellate Division.

Evidence warranted a finding that a woman made a present completed gift of a joint interest in a savings bank account for the purpose of having the donee look after her during her life so far as necessary and take what was left upon her death, even though she retained the right of withdrawal and possession of the bank book.

In an action brought in the name of an insane woman by her guardian against a savings bank to recover the amount of a deposit in which the woman, while competent, had made a present completed gift of a joint interest, although retaining the right of withdrawal and possession of the bank book, there could be no recovery in the absence of proof that use of the deposit was necessary to meet the needs of the woman: the guardian had no title to the woman's property nor authority to use it except for her necessities.

CONTRACT originally by Mary A. Sullivan, "an insane person, by" her temporary guardian. Writ in the Municipal Court of Brookline dated April 30, 1948.

The action was heard by *Grover, J.*

*G. R. Walters*, for the plaintiff.

*H. E. Kiley*, for the defendant Carney.

COUNIHAN, J. This is an action of contract by writ dated April 30, 1948, brought in a District Court by Mary A. Sullivan, an insane person, against the Brookline Savings Bank to recover the amount of a "joint and survivor account" in the bank, standing in the names of Mary A. Sullivan and Daniel F. Carney. The bank interpleaded and Carney was made a party defendant. G. L. (Ter. Ed.) c. 168, § 36. After trial, on January 19, 1949, the judge found for the bank and made no express finding as to Carney. During the trial the plaintiff filed sixteen requests for rulings, most of which were denied by the judge. She also objected to the admission of certain questions to the defendant Carney. On report, the Appellate Division on May 3, 1950, found no prejudicial error and entered an order dismissing the report. On February 6, 1950, a suggestion of death of Mary A. Sullivan was filed, and on May 9, 1950, Helen D. Drain, special administratrix of her estate, was admitted as plaintiff and appealed from the order of the Appellate Division.

The report discloses that Mary A. Sullivan, a single woman, in February, 1946, had an account in the defendant bank in the joint names of herself and Mary G. Carney, or the survivor, in the sum of about $2,000. Mary G. Carney, a sister of Daniel F. Carney, died on February 16, 1946, and Miss Sullivan met Daniel at the funeral. The only evidence as to the circumstances of the transfer of this account comes from the testimony of Carney. He testified that at the funeral Miss Sullivan told him "that inasmuch as his sister had died, she wanted someone to take care of her and wanted to open a joint account with him. She had about $1,000 in the Union Savings Bank and about $2,000 in the Brookline Savings Bank . . . that the $1,000 was for burial and other expenses and the other $2,000 was for his services." At another time he testified that the purpose she expressed in establishing the joint account with him at the

Brookline Savings Bank "was for taking care of her." He further testified that on April 6, 1946, the day the joint account in the Brookline Savings Bank was opened, he went with Miss Sullivan to that bank; that she obtained the new book and passed it to him for his examination; and that he looked at it, held it in his hand while he signed signature cards, and then returned the book to her. At no other time was the bank book in his possession. When Miss Sullivan was committed to the Boston State Hospital on February 7, 1947, the bank book was in her possession. (Apparently about April 6, 1946, the account in the Union Savings Bank was transferred in the same manner.) No question as to the competency of Miss Sullivan at the time of these transfers was raised. After her commitment to the Boston State Hospital, a temporary guardian was appointed for her by the Probate Court for the county of Suffolk.

At the time of her appointment the temporary guardian came into possession of the following property of her ward: (1) an annuity contract of an insurance company paying the ward $113.28 monthly for her life; (2) eight checks for $113.28 each for earlier annuity payments; (3) the bank book of the Union Savings Bank, standing in the joint names of Mary A. Sullivan and Daniel F. Carney, or the survivor; and (4) the bank book in the Brookline Savings Bank representing the account which is the subject of this action.

In an action brought in the Municipal Court of the City of Boston in which Carney was also a defendant, the ward recovered the amount of the deposit in the Union Savings Bank and the judge filed a "memorandum" in disposing of the defendant Carney's requests for rulings.

At the time this present action was brought the only expense of the ward was a payment of $10 a week to the Boston State Hospital where she was confined.

About March 1, 1948, the temporary guardian drew an order on the Brookline Savings Bank in the sum of $554.29 in favor of the department of mental health for the board of the ward at the hospital. The bank refused to honor this draft.

In his "Finding" the judge states, "There was testimony by Mr. Carney, the substance of which was that she wanted the Union account jointly with him for her funeral and other bills; the Brookline account was to be used, if necessary, for her support and anything that was left, he was to have." The judge also made an express finding "that she had, although retaining the right of withdrawal, made a completed gift of the book in question to Mr. Carney, accompanied by a request that the funds be used by him for her support if necessary and there was a completed contract between Miss Sullivan, Miss [sic] Carney and the bank."

The judge further found that there was no evidence offered as to why the temporary guardian desired the withdrawal of $554.29 at a time when she had ample funds in her hands for current needs of the ward, but if "there should come a time when this account is necessary for" the support of the ward, "a different set of facts would be presented from those with which this case deals."

The plaintiff argues that on the evidence the judge was not warranted in finding that a present completed gift of the "account in defendant bank" was made to Carney and that she properly raised this question by her requests for rulings. In her brief she admits that she does not argue all of her grievances as set forth in the report, but she asserts that she relies upon them and intends that they be incorporated in her brief by reference. Such a statement is of no effect, for if exceptions are not specifically argued in a brief they may be treated as waived. *Barnes* v. *Springfield*, 268 Mass. 497, 504. *Mullen* v. *Sewer Commissioners of Milton*, 280 Mass. 531, 537. *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 328. *Richmond* v. *Stanzler, ante*, 62, 63–64. The objections to the admission of certain evidence were not argued by the plaintiff in her brief and are therefore treated as waived.

The plaintiff argues that the finding of the judge of the Municipal Court of the City of Boston in her action against the Union Savings Bank in which Carney was also a defendant is controlling and required the judge in this action

to find for her. This cannot be supported because it has been said, "In a subsequent action between the same parties on a different cause of action, an estoppel by judgment applies only to all facts which were actually put in issue in the prior action." *Wishnewsky* v. *Saugus,* 325 Mass. 191, 194–195, and cases cited. Obviously the facts in issue in the earlier case were different from those here in issue, for there was no dispute that the account in the Union Savings Bank was for "burial and other expenses."

In general the requests were denied because of noncompliance with Rule 27 of the District Courts (1940) and some as not in accord with the facts as the judge found them. Under Rule 27 this would appear to be a case admitting of specification of the grounds upon which the requests are based. In the absence of specification no review lies as a matter of right. But since the Appellate Division reviewed the denial of the requests they are before us. *Milmore* v. *Landau,* 307 Mass. 589, 590. *Sokoloski* v. *Splann,* 311 Mass. 203, 205–206.

The plaintiff further argues that it was error for the judge to state in his "Finding," "There was testimony by Mr. Carney, the substance of which was that . . . the Brookline account was to be used, if necessary, for her support and anything that was left, he was to have." If this version of the evidence is correct, there was no error in the ultimate finding of the judge that there was a completed gift to Carney. The rule frequently stated is that "The findings of the trial judge will not be set aside if they can be supported on any reasonable view of the evidence with all rational inferences of which it is susceptible." *Bridges* v. *Hart,* 302 Mass. 239, 242. *Barttro* v. *Watertown Square Theatre, Inc.* 309 Mass. 223, 224.

The immediate question for us to determine is whether or not, upon the evidence relative to the circumstances of the opening of this joint account, all of which came from Carney, the judge was warranted in finding that there was a present completed gift at the time the account was opened.

We have said, "The principles governing the determina-

tion of title to so called joint accounts have been considered in many previous decisions of this court. . . . It is settled that, while the contract of deposit is conclusive as between the parties and the bank, and that the contract with the bank takes the place of delivery ordinarily required, and that a present gift could thus be made if that result was intended even though the deceased retained control of the books evidencing the deposits, nevertheless, as between the survivor and the representative of the estate of the deceased, it is still open to the latter to show by attendant facts and circumstances that the deceased did not intend to make a present completed gift of a joint interest in the account, and that the mere form of the deposits does not settle the matter." *Ball* v. *Forbes*, 314 Mass. 200, 203–204. *Malone* v. *Walsh*, 315 Mass. 484, 486–487, and cases cited.

It would appear, therefore, that the signing of the signature cards alone is not enough. This will take the place of delivery, normally needed in a gift, but the question of intent still remains. To this extent at least the doctrine of *Chippendale* v. *North Adams Savings Bank*, 222 Mass. 499, 502, has been modified. In *Castle* v. *Wightman*, 303 Mass. 74, 77, this discussion is found: "We think that this . . . principle cannot be taken to mean that the contract of deposit itself . . . in the absence of controversy is not efficient to establish a gift of such interests therein as are shown by the terms upon which they were held . . . by a bank, but rather that, where the title is disputed, it is competent to show that the result indicated by the terms of the contract was not actually intended to take place, in that no present completed gift of the apparent interest was actually intended. . . . Thus, in cases of joint deposit, while the contract of deposit is conclusive as between the parties and the bank, yet it may be shown that, for example, the execution of the contract of joint deposit was procured to be made by the depositor by the exercise of undue influence upon him . . . or that it was intended as a matter of convenience . . . or that it was void as intended by the depositor to hinder, defraud or delay his creditors . . . or

that the gift of the interest in the joint account was one upon a trust . . . ; in brief, that the result of a present gift was not intended."

It would thus appear that the form of a joint deposit does not settle the matter in the sense that it is conclusive. It is open to a party challenging the form to show that the result which normally follows from such form was not intended. *Goldston* v. *Randolph*, 293 Mass. 253, 256–257. *Kittredge* v. *Manning*, 317 Mass. 689, 692–693.

Without deciding whether or not the burden is on the claimant to show an absence of intent, we are of opinion that the findings of the judge are warranted by rational inferences from the testimony of Carney. Apparently the donor, who was without near kin, had such faith in Carney that she opened this account jointly with him, to look after her during her life, and intended that he should have what was left of it after her death. We do not find here any of the circumstances recited in *Castle* v. *Wightman*, 303 Mass. 74, tending to show that a present completed gift was not intended.

There is no merit in the contention of the plaintiff that, even though there was a completed gift, Miss Sullivan could have withdrawn the account during her life and her temporary guardian was likewise entitled to withdraw it. A guardian has no title to the property of the ward. The guardian's authority to use the proceeds of this account was limited by the necessities of the ward. In the absence of any showing that the use of this account was necessary to meet the needs of the ward, the bank was under no duty to pay over to the temporary guardian the whole or any part of it. *Johnson* v. *Nourse*, 258 Mass. 417, 419–420. *Coolidge* v. *Brown*, 286 Mass. 504, 508.

We have carefully considered all grievances argued by the plaintiff, and without reciting them in detail we find no error.

The plaintiff contends that the judge was in error in entering a finding solely for the defendant bank. We do not consider this because Carney does not complain and the plaintiff on the merits was entitled to no different result.

*Order dismissing report affirmed.*