ANDREW ANAGNOS *vs.* PETER RAPTIS.

Middlesex. March 5, 1951. — May 31, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Partnership*, What constitutes.

Upon appeal from a final decree dismissing the bill in a suit in equity for an accounting of a business alleged by the plaintiff to be carried on by him and the defendant as partners, a finding by the trial judge that the plaintiff was not a partner of the defendant could not be pronounced plainly wrong upon conflicting evidence reported, and the decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on March 9, 1948.

The suit was heard by *Beaudreau*, J.

*R. A. Shea*, (*A. P. Senopoulos* with him,) for the plaintiff.
*W. H. McLaughlin*, (*P. G. Counihan* & *R. G. Conley* with him,) for the defendant.

LUMMUS, J. · In his bill the plaintiff alleges that the parties were partners in a restaurant in Cambridge called the Famous Cafeteria, and prays for an accounting and other incidental relief. In the Superior Court a final decree was entered, dismissing the bill with costs. The plaintiff appealed. The evidence is reported, and the judge found that the plaintiff was not a partner but merely an employee until the year 1935, when he took over the cafeteria or food end of the business, leaving the defendant the owner of the bar.

The defendant acquired the restaurant from one Loukas in 1930. He took the leases of the premises in his own name, and also the licenses for the sale of alcoholic beverages. The certificate required by G. L. (Ter. Ed.) c. 110, § 5, stated that the defendant was the sole proprietor. The plaintiff would have been criminally liable under that section if he had been a partner. The defendant carried the bank ac-

count in his own name, and he alone signed all notes for borrowed money. The insurance policies were in his name alone.

The plaintiff introduced an unsigned copy of a purported agreement of equal partnership between the parties, dated December 2, 1930. A lawyer testified that he drew that agreement, and that it was executed by the parties on January 7, 1931. There was also evidence of sharing of profits, and of admissions made by the defendant that a partnership existed. But such evidence was contradicted by the defendant. In his testimony, the defendant denied the existence of any partnership. No partnership income tax returns were ever filed. The plaintiff's contention that there was a partnership is supported by no written instrument.

In our opinion, the finding of the judge against the plaintiff was not plainly wrong, and must stand. *McMurtrie* v. *Guiler,* 183 Mass. 451, 453. *Wheelock* v. *Zevitas,* 229 Mass. 167, 170. *Rosenblum* v. *Springfield Produce Brokerage Co.* 243 Mass. 111, 119. *Bartels* v. *Director of the Division of Employment Security,* 326 Mass. 1, 5.

*Decree affirmed with costs.*