90 So.2d 818

**Walter L. HOWARD, Jr., as Administrator,**

v.

**Margaret B. IMES.**

**6 Div. 861.**

Supreme Court of Alabama.

Nov. 15, 1956.

Marvin Cherner, Birmingham, for appellee.

Gillespy, Dominick & Fletcher, Birmingham, for appellant.

GOODWYN, Justice.

The complainant, Birmingham Trust National Bank, having in its possession certain funds claimed by respondent-appellee, Margaret B. Imes, and respondent-appellant, Walter L. Howard, as administrator of the estate of Daisy Marks Hughes, deceased, filed an original bill of inter-County, in Equity, for the purpose of pleader in the Circuit Court of Jefferson establishing the rightful claimant. Mrs. Imes filed an answer and cross-bill to which Howard, as administrator, demurred. The demurrer being sustained, Mrs. Imes amended her cross-bill. The administrator then demurred to the amended cross-bill. From the decree overruling the demurrer the administrator brought this appeal.

300

The facts alleged in the amended cross-bill are substantially as follows:

On April 29, 1953, a joint savings account was opened at the Birmingham Trust National Bank in the name of Mrs. Hughes and Mrs. Imes and a deposit of $6,069.12 was then made to the account. All of this money came from Mrs. Hughes' individual account. The signature card provided that the joint account was subject to the order of either depositor, and upon the death of one of the depositors "the balance shall belong to and be subject to the order of the survivor." The pass book covering the account was kept by Mrs. Imes until delivered to the Bank, as hereinafter noted.

Later, on June 16, 1953, Mrs. Hughes was declared mentally incompetent by the probate court of Jefferson County, Alabama, and the Bank was appointed as her guardian. The Bank, as such guardian, requested that Mrs. Imes turn over to it the pass book covering the account. Mrs. Imes complied by mailing the pass book on June 19, 1953. It is alleged that this was done "for the convenience of the said Bank acting in such capacity, intending and understanding that said Bank would apply such part of the proceeds of the said joint savings account as should prove necessary to defray the expenditures made by the said Bank as guardian for the support, maintenance and medical care of Mrs. Hughes, and that the Bank as guardian had no title to the property of the ward and its authority was limited to use the proceeds of the said account for the necessities of the ward."

On June 24, the Bank, acting in its capacity as guardian and being in possession of the pass book, withdrew all funds from the joint account and placed them in a new account in the name of Birmingham Trust National Bank as guardian of the estate of Daisy Marks Hughes, non compos mentis. The transfer was made without the knowledge of Mrs. Imes, and, of course, Mrs. Hughes, having been declared incompetent, could not consent to the transfer.

On July 10, 1953, Mrs. Hughes died intestate. Walter L. Howard, Jr., was appointed administrator of her estate. After Mrs. Hughes' death the funds remaining in the account were claimed by Mrs. Imes, as survivor under the joint savings account, and by Mr. Howard, as administrator. To resolve these conflicting claims the Bank then filed its bill of interpleader in this cause.

The question presented on this appeal is whether the act of withdrawal by the Bank, as guardian, of all the funds in the joint account had the effect of destroying Mrs. Imes' survivorship interest in the account. In other words, did the Bank, as guardian, have the power to withdraw all the funds, even though not needed for the care and maintenance of Mrs. Hughes, so as to prevent Mrs. Imes from taking as survivor?

There are no statutory provisions in Alabama prescribing the authority of a guardian in exercising the elective rights of the ward under a joint bank account. Nor have we found any occasion where this court has passed on the question.

It appears to be the generally accepted rule that a guardian cannot exercise a purely personal elective right of his ward. In re Wainman's Estate, 121 Misc. 318, 200 N.Y.S. 893; Chase Nat. Bank of City of New York v. Ginnel, Sup., 50 N.Y.S.2d 345; Application of National Commercial Bank & Trust Co., Sup., 50 N.Y.S.2d 274; Kay v. Erickson, 209 Wis. 147, 244 N.W. 625, 84 A.L.R. 361; Boehmer v. Boehmer, 264 Wis. 15, 58 N.W.2d 411; 44 C.J.S., Insane Persons, § 49, p. 134, where the rule is thus stated:

"The guardian * * * of a mental incompetent does not become his alter ego, and is not empowered by virtue of his office to act for the incompetent in matters involving the exercise of a personal discretion so as to change an act performed by the incompetent while mentally normal, * * *."

In applying the rule it has been specifically held that the guardian of a non compos mentis cannot withdraw all the funds in a joint account except for the ward's necessities, since such complete withdrawal would be the exercise of a personal right of the ward. Boehmer v. Boehmer, supra; Coolidge v. Brown, 286 Mass. 504, 190 N.E. 723, 724; Drain v. Brookline Sav. Bank, 327 Mass. 435, 99 N.E.2d 160, 164. (Cf. Kepner, "The Joint and Survivorship Bank Account—A Concept Without A Name" (1953), 41 Cal.L.Rev. 596, pp. 618–619.)

In Boehmer v. Boehmer, supra, the Supreme Court of Wisconsin said [264 Wis. 15, 58 N.W.2d 414]:

"Regarding appellant's contention that John P. Boehmer, as guardian, succeeded to the rights of Jacob Boehmer, as depositor, to withdraw an account which had been deposited in the names of said depositor 'and or' his wife, it must be realized that if Jacob Boehmer had not become incompetent, he could have elected to withdraw the .account or allow it to remain until his death. In such a situation there is applicable the rule that where a ward has a personal privilege to elect between alternative or inconsistent rights or claims, the privilege of election does not pass to the guardian of the estate ·of the ward, and the guardian cannot make the election. In Van Steenwyck v. Washburn, 59 Wis. 483, 17 N.W. 289, this court held that a widow could not elect by choosing to take under the will or according to law because of her incompetency, and that such an election could not be made by her guardian, but that where application was made within a year after the death of the husband, the court would make such election. In Kay v. Erickson, 209 Wis. 147, 244 N.W. 625, 84 A.L.R. 361, it was held that a guardian could not change a beneficiary on a life insurance policy. Generally then, a guardian of the estate ·of the ward does not have legal title

to the property of his ward, and has only certain powers and duties to deal therewith for the benefit of the ward. Many courts have described the fiduciary character of a guardian by stating that he is merely the conservator of the ward's property and his powers are only such as are essential to the temporary preservation of the estate.

"In the case at bar, in view of the fact that Jacob Boehmer could have elected to withdraw the funds or allow them to remain intact as long as he lived or remained competent, there was involved a choice by which one of two alternative rights or claims is accepted and the other rejected. Under authority of Van Steenwyck v. Washburn, supra, and Kay v. Erickson, supra, we therefore conclude that this was a personal right which could not be exercised by the guardian, and that it is up to the court to determine what, if anything, is' necessary for the best interests of the incompetent; and if any funds are necessary for his support, then the court may order such withdrawal therefrom."

In Coolidge v. Brown, supra, and Drain v. Brookline Sav. Bank, supra, the Massachusetts Supreme Court held that the authority of the guardian to use the proceeds of a joint account was limited to the necessities of the ward. The court drew a distinction between withdrawals to provide for the wants of the ward and a withdrawal of all the funds in the account. In Drain v. Brookline Sav. Bank, supra, it was said [327 Mass. 435, 99 N.E.2d 164]:

"There is no merit in the contention of the plaintiff that, even though there was a completed gift, Miss Sullivan could have withdrawn the account during her life and her temporary guardian was likewise entitled to withdraw it. A guardian has no title to the property of the ward. The guardian's authority to use the proceeds of this account was limited by the necessities of the ward.

In the absence of any showing that the use of this account was necessary to meet the needs of the ward, the bank was under no duty to pay over to the temporary guardian the whole or any part of it. Johnson v. Nourse, 258 Mass. 417, 419–420, 155 N.E. 457; Coolidge v. Brown, 286 Mass. 504, 508, 190 N.E. 723."

The rule has also been applied in situations closely analogous to the case at bar. These cases illustrate what the courts have considered personal elective rights.

It has been held, "upon the theory that the right of election under a will is a personal right," that, "in the absence of express statutory authority, the guardian * *. * of an incompetent cannot make an election in behalf of the ward to take under or against the will of a deceased person." 25 Am.Jur., Guardian and Ward, § 104, p. 67, and cases cited under Note 5; Annotations, 74 A.L.R. 452 and 147 A.L.R. 337. In Crenshaw v. Carpenter, 69 Ala. 572, 44 Am.Rep. 539, it was held that a widow's right to dissent from the will of her deceased husband is a right strictly personal to the widow and cannot be exercised for an insane widow by her next friend.

It also has been held that "the right of the incompetent to change the beneficiary of a policy upon his own life is personal, and cannot be exercised by a guardian." 25 Am.Jur., Guardian and Ward, § 105, p. 67; Annotations, 21 A.L.R.2d 1191, 84 A.L.R. 361, 366; Kay v. Erickson, supra; In re Wainman's Estate, supra; In re Sellers' Estate, 154 Ohio St. 483, 96 N.E.2d 595, 21 A.L.R.2d 1186.

There are cases holding that a guardian cannot exercise the ward's right of revocation under a revocable trust created by the ward before becoming incompetent. In re Grant's Estate, 122 Misc. 491, 204 N.Y.S. 238; Application of National Commercial Bank & Trust Co., supra; Chase Nat. Bank of City of New York v. Ginnel, supra; Annotation, 138 A.L.R. 1383.

It seems clear that an act which requires the exercise of a personal right of the ward cannot be performed by the guardian. The making of periodic withdrawals for the care and maintenance of the ward would constitute ministerial acts, within the authority of the guardian, but the termination of the joint account and withdrawals of all the funds was a personal right that only Mrs. Hughes could exercise. Coolidge v. Brown, supra; Drain v. Brookline Sav. Bank, supra.

The appellant strongly urges that Mrs. Hughes' interest in the joint account was simply a chose in action or debt owed by the Bank and that it was the duty of the Bank, as guardian, to collect the debts owed its ward. Therefore, the appellant contends, the Bank not only had the authority but was under a duty to withdraw the funds and bring them under its absolute control. It is true that, in general, it is the right and duty of a guardian to collect all assets of the ward; to reduce to possession the ward's choses in action, and collect the debts and obligations due him. Cox v. Williams, 241 Ala. 427, 3 So.2d 129; Kelly v. Wilson, 234 Ala. 455, 175 So. 551. Here, however, the interest in the funds which Mrs. Hughes chose to reserve to herself was the interest of a joint depositor, and that was the interest she possessed when the Bank became guardian of her estate. It was the right and duty of the Bank to preserve and maintain her interest as it existed when the Bank became guardian. When the Bank obtained the pass book it acquired control of the account and assured the preservation of Mrs. Hughes' interest. However, the Bank did not have the duty nor the right to change the nature of Mrs. Hughes' interest in the funds so as to destroy the interest of the other joint depositor.

No question is here involved as to whether, or to what extent, the probate court or a court of equity, on application of the guardian, can exercise an election on behalf of the ward.

The decree appealed from is due to be affirmed.

Affirmed.

SIMPSON, MERRILL and SPANN, JJ., concur.