## ABRAMS v NICKEL et

Ohio Appeals, 1st Dist, Hamilton Co

No 4788.   Decided March 4, 1935

John J. Rivers, Cincinnati, and Fitzpat-
rick & Quane, Cincinnati, for plaintiff.
David L. Shannon, Cincinnati, and Roy
Struble, Cincinnati, for defendants.

* * *

**OPINION**

By ROSS, PJ.

An account similar to that in the instant case was considered in the case of **Cleveland Trust Co. et v Scobie, Admr., 114 Oh St, 241.** At page 247, 248, the court say:

"Hence the specific question before us is not whether Green made a gift of the fund in specie, but whether he created in his sister a joint interest in the deposit equal to his own.

"Now while Annie Richardson was authorized to withdraw all or any part of the balance at any time after this account was opened, so also was Jerome C. Green. The record shows that withdrawals and deposits were made only by Green, and no deposits or withdrawals whatever were made by Mrs. Richardson during Green's life. In other words Green exercised control of the account up to the time of his death. It was because of this retention of control that the Court of Appeals held there was no delivery, actual or constructive, of the fund to his sister.

"This control, however, was not exclusive. It was just the same control that Mrs. Richardson herself was authorized to exercise. The sister's interest was equal to Green's. She could withdraw all or any part of the funds upon deposit at any time during Green's life. While the account remained in the bank and the authority to pay remained unrevoked, Green himself could make no more withdrawals than his sister. It is true that Green retained the power to revoke Mrs. Richardson's right to withdraw, but until her power was terminated by him according to the arrangement to which she had assented her authority over the deposit was equal to his own. Although Green retained control of the account, she had equal control thereof subject only to his right to terminate the same."

It is true that in the Scobie case the decedent signed a bank form in which the bank was advised that the joint owner of the account was authorized to draw any part or all of the account. It would seem that this authorization did little more than is accomplished by the terms of §710-120, GC, which provides as follows:

"When a deposit has been made, or shall hereafter be made in any bank or trust company transacting business in this state in the name of two or more persons, payable to either, or the survivor, such deposit or any part thereof, or any interest or dividend thereon, may be paid to either of said persons whether the other be living or not; and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank for any payments so made."

In the Scobie case and in the instant case, the intent was to open a joint account, subject to withdrawal by either owner of the account. While both parties were in the status prevailing at the time the account was originated, each had full rights in the entire account. Although the interest was a joint interest, or joint ownership, we can find no reason for limiting the right of withdrawal to any particular fraction of the account.

What then was the effect of the adjudication of lunacy and the appointment of a guardian for Ella Wycoff? From the date of the guardianship, Ella Wycoff ceased to have any authority over the account. She could make neither withdrawals nor deposits. Obviously also the guardian could not become a joint owner of the account with Nickel. The guardian was entitled to whatever interest Ella Wycoff possessed in the account, but he could not because he was her guardian continue the joint arrangement. An unforseen contingency had occurred. The original arrangement could not continue. The relationship of the original parties had been broken. The effect of the appointment of the guardian was to terminate the agreement.

Now as each had a complete interest in the entire account, it is plain that the application of principles of equity require, in the absence of some extraordinary circumstances, an equal division of the account between the parties involved.

The evidence is not convincing that any

special reason exists for departing from a normal division of the balance at the time of the appointment of the guardian.

It is our conclusion, therefore, sitting as a court of chancery, applying to these facts principles of equity, that Williaim Nickel is entitled to one-half of the balance in the account at the time of the appointment of the guardian of Ella Wycoff, and that the guardian of Ella Wycoff is entitled to one-half of such account as it existed at that time.

Decree accordingly.

HAMILTON, J, concurs.