Vincent J. Pugher, Cleveland, for defendant-appellant.

## OPINION

**BY THE COURT:**

The Court of Common Pleas sustained a demurrer to the petition.

Upon examination, we find no allegations in the petition charging the defendants with any act which caused the damage of which complaint is made.

The demurrer was therefore properly sustained, and the judgment is affirmed.

MATTHEWS, PJ., HAMILTON & ROSS, JJ., concur.

## ULMER v SOCIETY FOR SAVINGS et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18567.  Decided Mar 2, 1942

## OPINION

**PER CURIAM:**

We are reversing the judgment in this case as manifestly against the weight of the evidence and contrary to

law, and remand the same for retrial.

There was no sworn testimony before the court to establish that the wife really owned any part of the deposits in question or that any portion thereof was at any time her property, except as the deposit memoranda in the bank reflect the contracts. The admissions contained in the answer of the Bank do not sustain the judgment nor bind the husband.

The husband was given no opportunity to prove who, in fact, owned those funds, although he owed the duty of support so long as the marriage relation exists.

By the brief recently filed, our attention is called to the leading cases in Ohio decided by the Supreme Court in which such joint and survivorship accounts were involved. Attention is called to the fact, however, that in each and every one of these cases one of the parties had died and the decisions are directed to the disposition of the deposits thereafter and the ownership thereof after the death. This is not the situation in the case at bar.

Of course, it is established in this State that such an arrangement between two or more creating a joint and survivorship account is a contract between them. Usually either may draw and either may withdraw the whole account. After the death of one of them, the other is legally entitled to the entire fund remaining on deposit. These decisions of the Supreme Court cited are not in any sense controlling in this case.

In this case there is an attempt to divide the fund while both parties are living. When this is undertaken, opportunity should be given to prove just what interest each actually has in the funds. When it is determined to be advisable that the joint and survivorship account should be terminated, it would seem to be more equitable that each should be entitled to such funds as was placed in the account by each party thereto rather than arbitrarily divided in two equal parts, unless a gift was intended as shown by proof.

Two or three cases involving some such question in respect to such an account, have been argued to us and decided. One of these was the case of Newton v Cleveland Trust Company. In this case a mother and daughter had established such an account. A creditor of the daughter sought to subject the account to the payment of the judgment. It was claimed by the mother that the money in the account was in fact hers and therefore should not be subjected to pay a debt of the daughter. The court held that the mother had the right to make that showing. The motion to certify was overruled.

Kindred questions involving such an account while the parties were living, have been presented to this court and consistently thus decided. If this be not the law, then a joint and survivorship account may be made the vehicle by which funds may be placed beyond the reach of creditors.

The case of **Abrams, Guardian v Nichol, 50 Oh Ap 500,** was relied on at the hearing. It is a case in which the court undertook to divide equally such an account. In this case one of the parties had been declared to be incompetent as in this case. The court seemed to take the position that the equitable thing to do would be to divide the fund equally between the guardian and the competent party. It should be noted, however, that in this case just cited the relationship of the parties was that of landlady and boarder. In the syllabus the court makes the reservation that such a division seems equitable "in the absence of extraordinary circumstances".

In the case at bar, the parties to this joint and survivorship account are husband and wife. The marital relation and the reciprocal duties and obligations of that relation should be sufficient to sustain the claim that extraordinary circumstances exist in this case.

If these funds, amounting to over $20,000.00 are divided equally between

the guardian and the husband, and in the future her portion should be consumed or dissipated in any manner, the husband would still be under the duty of support.

This husband has not been charged with committing any act of aggression. If it be true. as claimed, that the money in these accounts originated from the husband, upon what theory should he be punished as though he had committed some act of aggression as would be the case in an action of divorce and alimony?

The facts in this case are different than in any other case cited or that has come before us for decision. In no case was the situation presented to us for decision of such an account between a husband and wife, one of whom becomes incompetent, nor are the facts of this case analogous to those in any of the authorities cited.

LIEGHLEY, PJ., MORGAN & SKEEL, JJ., concur.