John L. Manta, Appellant, v. Grace Kahl et al., Defendants Below. Continental Illinois National Bank and Trust Company of Chicago, Appellee.

Gen. No. 45,720.

Opinion filed November 19, 1952. Released for publication December 5, 1952.

373

A. GEORGE N. SPANNON, of Chicago, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for appellee; FRANK D. MAYER, and ROBERT L. EPSTEIN, both of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff prosecutes this appeal from a judgment dismissing his complaint as to the defendant bank and assessing costs against him. The only question presented upon this appeal is the sufficiency of the complaint.

The pertinent allegations in the complaint against the bank are, that Margaret MacKay on May 24, 1946, established in said bank a joint and several savings account with the right of survivorship, wherein she deposited $26,873.92 and designated herself and plaintiff as the sole joint tenants to said account, "subject to the provisions of a Joint and Several Tenancy Deposit Agreement," signed by her and plaintiff, a copy of which is attached to the complaint as an exhibit; that said agreement contained the following provisions:

"For and in consideration of the acceptance of this savings account and the acceptance from time to time of deposits therein, we, the signers of this card hereby agree:

"That the by-laws, rules and regulations of Continental Illinois National Bank and Trust Company of Chicago, relating to savings deposits shall govern this account.

"That all deposits or any part thereof, (or any interest thereon), now, heretofore or hereafter made in this account by or for either or both of us, may be paid to us jointly or severally, and may also be paid upon our joint or several orders, whether the other be living

374

or not, and the receipt and acquittance, of the person to whom any such payment is made shall be a valid and sufficient discharge and release, from both of us, to the bank for all payments so made. It is our intention to create a joint tenancy in this account and all deposits therein and all balances thereof, with the right of survivorship.

" * * *

"That you may honor and act upon the instructions of either or both of us in the transaction of any and all business relating to this account, withdrawals therefrom, deposits therein, and the endorsement, negotiation and collection of items deposited";

that on or about March 18, 1947, one Daniel A. Costigan, attorney for Margaret MacKay, notified the bank that she had suffered a stroke, was unable to leave her home, and was desirous of transferring the joint and several account to her own name; that the bank sent one of its agents to the home of Margaret MacKay, and he reported to the bank that she was incompetent and unable to transact ordinary business affairs, and the bank returned the passbook and the withdrawal slip to Margaret MacKay on March 21, 1947; that on March 25, 1947, Costigan filed his verified petition in the probate court of Cook county against her, for the appointment of a conservator, alleging that she was wholly incapable of managing her estate, and incompetent and unable to transact her business affairs, and requesting that Costigan be appointed as such conservator; that on March 25, 1947, after the filing of said petition, Costigan appeared in the bank with another withdrawal slip allegedly signed by Margaret MacKay, for the purpose of withdrawing the whole deposit; that said withdrawal slip was not witnessed as required by defendant bank; that the bank permitted Costigan to

375

sign as a witness to the signature of Margaret Mac-Kay; that the bank well knew that Margaret MacKay was an incompetent person, wholly incapable of managing her estate and unable to transact her business affairs; that the bank knew on March 25, 1947, Costigan had filed a petition in the probate court of Cook county for the appointment of himself as conservator, alleging her incompetency; that the bank also knew that on March 25, 1947, said Costigan was not acting as a conservator for Margaret MacKay; that on said latter date it became and was the duty of the bank to exercise due care on account of having notice and knowledge of the incompetency of Margaret MacKay, and well knowing the premises that bank on March 26, 1947, did issue its cashier's check in the amount of $26,873.92, payable to the order of the Bank of Montreal for the account of Margaret MacKay, which was deposited in said account on said date; that on April 3, 1947, Costigan was appointed conservator of the estate of Margaret MacKay by the probate court of Cook county, and on that date Costigan, acting as conservator, transferred said account in the Bank of Montreal in the name of "Estate of Margaret MacKay, Incompetent, Daniel A. Costigan, Conservator"; that on April 16, 1947, following the death of Margaret MacKay, said account was turned over to Robert P. Sullivan, executor of the estate of Margaret MacKay, deceased; that said account is presently in existence in the Bank of Montreal under the control of said Sullivan, except the amount withdrawn from said account for the payment of costs of administration of said estate; that plaintiff had an interest in said account during the life of Margaret MacKay, subject to a free and voluntary withdrawal on her part; that upon the death of Margaret MacKay he would have become entitled to the deposit as the survivor of the deposits; and that by and through the careless, negligent and wrongful

act of said bank in making said wrongful payment to said Margaret MacKay, said defendant bank became and is liable to plaintiff in the sum of $26,873.92, and prayed for judgment for said amount.

 It does not appear from the complaint that plaintiff contributed anything to the said joint account. To entitle plaintiff to recover, it must appear from the complaint that at the time of the payment of the amount to Margaret MacKay, the bank then owed a definite duty to plaintiff, and that it breached that duty. Nowhere does it appear from the complaint that plaintiff, prior to the appointment of Costigan as conservator, had exercised or tried to exercise his right of withdrawal under said joint deposit agreement. The relationship of the parties and the bank was a contractual one, and the parties were bound by the terms of that contract. When Costigan was appointed conservator, he had the legal right as conservator to withdraw the amount of said deposit. As conservator he succeeded to the identical rights of Margaret MacKay under the said deposit agreement. Ill. Rev. Stats. 1951, ch. 3, pars. 274, 275 and 278 [Jones Ill. Stats. Ann. 110.371, 110.372, 110.375]; *In re Estate of Cook*, 282 Ill. App. 412; *Bradshaw v. Lucas*, 214 Ill. App. 218.

 An essential allegation lacking in this complaint is that plaintiff, at the time of the grievances complained of, could and did comply with the "by-laws, rules and regulations of Continental Illinois National Bank and Trust Company of Chicago, relating to savings deposits," governing this account, that being one of the provisions of the deposit agreement binding upon the plaintiff. There can be no inference or presumption that he was in such position to comply.

 Summarizing the allegations of the complaint, they fail to allege facts which show that at the time payment was made to Margaret MacKay by the check payable to the Bank of Montreal for her account, which

was before any adjudication of incompetency, plaintiff was then entitled to demand the fund; had made any demand for the fund; that such demand was in compliance with the by-laws, rules and regulations of the defendant bank governing the account; and that there was any duty owing to the plaintiff by the bank, which the bank breached by the payment of the money.

The court was justified in dismissing the complaint, and the judgment is accordingly affirmed.

*Affirmed.*

Lewe, P. J. and Kiley, J., concur.