ZUM BRUNNEN, Administrator, Appellant, vs. NIEBUHR, Administratrix, Respondent.

*March 5—April 8, 1958.*

For the appellant there was a brief and oral argument by *Robert Zum Brunnen* of Spooner.

For the respondent there was a brief by *Winton & Winton* of Shell Lake, and oral argument by *Warren E. Winton*.

BROWN, J: It appears that the property in question consists of certain real estate and certain United States savings bonds. The owners were Jessie Hanson and Sophus Hanson, wife and husband, as joint tenants. In course of time Mrs. Hanson became and was declared incompetent. Later, Mr. Hanson became and was declared incompetent. No action affecting either the bonds or the real estate was taken by the guardians of either of them. Mr. Hanson survived his wife. The wife's administrator submits that the incompetency of either or both of the joint tenants terminated that tenancy, converting it into a tenancy in common, whereby the wife's representative is entitled to one half of the property.

The trial court held otherwise.

Appellant relies principally on *Boehmer v. Boehmer* (1953), 264 Wis. 15, 58 N. W. (2d) 411. He submits that joint tenancies depend on the four unities of interest, title, time, and possession, and when our decision interfered with the unrestricted right of the competent Mrs. Boehmer to exhaust at will the bank account she held in joint tenancy with her incompetent husband, thereby we destroyed the unity of possession which resulted in a termination of the joint tenancy.

The citation does not serve as a precedent for what appellant asks here. In the *Boehmer Case* one joint tenant of

a bank account became incompetent. By sec. 221.45, Stats., a bank is authorized and protected in paying all or any part of a joint deposit to any of the joint depositors. Relying on the power he supposed he had under the statute, Mr. Boehmer's guardian drew the entire balance and deposited it in a new, individual account. We determined that the right which Mr. Boehmer had, while competent, to elect whether to withdraw the funds or to leave them on deposit for the benefit of the surviving depositor, is a personal right which does not pass to a guardian without court authorization. Therefore we ordered the guardian to replace the money in the joint account. We held expressly that a joint tenancy continued in being, notwithstanding Mr. Boehmer's incompetency. Then, to protect his interest against a possible withdrawal by the other, competent, joint tenant we declared that the deposit was *in custodia legis,* not to be drawn upon by any one except by court order. Far from destroying unity of possession, the decision preserved it, protected the right of survivorship, and declared that the joint tenancy continued in the restored joint bank account.

Appellant has found one case, *Abrams v. Nickel* (1935), 50 Ohio App. 500, 198 N. E. 887, in which the court held that incompetency of a joint tenant of a bank account terminated the tenancy and required a division of the account. Ohio has a statute like our sec. 221.45. The decision is criticized in *Estate of Jones* (Ohio 1952), 122 N. E. (2d) 111, 114, where the reviewing court said, "The holding that the joint survivorship accounts must end because of the appointment of a guardian is not completely accurate," citing examples of continuing rights of survivorship. The facts in the *Jones Case* differed radically from those in *Abrams,* wherefore the Ohio court in *Jones* neither followed nor overruled the *Abrams Case.*

Except for the *Abrams* citation, *supra,* appellant has not referred us to any decision holding that incompetency of a

joint tenant severs the joint tenancy. That case is earlier than our *Boehmer v. Boehmer, supra,* and conflicts with it. It does not persuade us to alter what we consider to be the · Wisconsin law established by *Boehmer,* namely, that the incompetency of a joint tenant does not work a severance of the joint estate.

*By the Court.*—Judgment affirmed.