IN RE ESTATE OF SCHUH.

[Cite as In re Estate of Schuh, 8 Ohio Misc. 220.]

(No. 233700—Decided April 26, 1966.)

Probate Court of Franklin County.

*Mr. Theodore L. Horst*, for exceptor.
*Mr. William B. Saxbe*, attorney general, *Mr. Jon A. Ziegler* and *Mr. Russell M. Mack*, for Tax Commissioner.

To the Honorable Richard B. Metcalf, Judge of the Probate Court of Franklin County:

WILLIAMS, General Referee. Pursuant to a prior order referring the above entitled proceeding to me for hearing and report, I proceeded under the provisions of Section 2315.37, Revised Code, to hear and examine such proceeding and respectfully submit the following report thereon:

STATEMENT OF FACTS

This matter came on for hearing on exceptions to determination of inheritance tax filed by Amelia C. Schuh, fiduciary and surviving spouse of Henry F. Schuh, the decedent herein.

The will of the decedent left all of the probate property to the surviving spouse and there is no controversy as to the determination of the inheritance tax on that portion of the estate, the net value of which is $63,984.27.

However, among the taxable non-probate assets of the decedent were several joint and survivorship savings accounts, being Account No. 35593, Franklin Federal Savings and Loan Association in the amount of $10,000.00; Account No. 16165, First Federal Savings and Loan Association in the amount of $10,000.00; Account No. J2-4410, Main Federal Savings and Loan Association in the amount of $3,720.64; and a joint and survivorship checking account, Ohio National Bank, in the amount of $612.94, making a total of $24,333.58. Each of these accounts was carried in the names of Henry F. Schuh (the decedent), or Amelia C. Schuh (surviving spouse), or Emily Bell Schuh (daughter).

The exceptor claimed by affidavit to have made contributions to some of the accounts, but no claim of contribution was made or evidence presented on behalf of the daughter.

CONCLUSIONS OF LAW

The situation here presented is certainly not novel, but there are no reported cases in Ohio determining the method of taxation of such multiple survivorship accounts.

It could be argued with equal accuracy on behalf of the taxpayer that the surviving spouse could take the entire amount and receive the benefit of Section 5731.02 (E), Revised Code, taxing it to the extent of only one-half; or on behalf of the state of Ohio that the daughter could take the entire amount, thereby taxing it in its entirety. To accept either theory to the exclusion of the other would certainly not be in accordance with well established rules of equity and justice.

The position taken by the court in *Abrams, Gdn., v. Nickel et al.,* 50 Ohio App. 500, ruling upon rights of parties to joint and survivorship accounts when one of the parties becomes

incompetent, would seem to be applicable in this matter. The opinion, at page 504, reads in part as follows:

"Now as each had a complete interest in the entire account, it is plain that the application of principles of equity requires, in the absence of some extraordinary circumstances, an equal division of the account between the parties involved."

This is also the position taken by the Probate Court of Cuyahoga County, Ohio, in an unreported finding without opinion in Case No. 551,978, *In re: Estate of Helfrick, deceased.*

It is, therefore, the finding of the referee, that, for inheritance tax purposes, Amelia C. Schuh, surviving spouse, succeeds to one-half of the balance of the joint and survivorship accounts, and Emily Bell Schuh, daughter, succeeds to the other one-half of the balance of the accounts.

It is the further finding that Emily Bell Schuh, daughter, did not contribute to the accounts and, therefore, $12,166.79, constitutes a taxable succession to her; and that Amelia C. Schuh, surviving spouse, succeeds to $12,166.79, without regard to enhancement, of which amount one-half ($6,083.39) is taxable to her.

It is, therefore, the finding of the referee that the exceptions to determination of inheritance tax be overruled, but that the court's entry of February 23, 1966, be vacated for mathematical errors, and the successions and tax in this estate be determined as follows:

| SUCCESSOR | RELATION | SUCCESSION | EXEMPTION | BALANCE TAXABLE | TAX |
|---|---|---|---|---|---|
| Amelia C. Schuh | Widow Probate | $63,984.27 | $10,000.00 | $60,067.66 | $1,502.03 |
| | J/S | 6,083.39 | | | |
| | | $70,067.66 | | | |
| Emily B. Schuh | Daughter J/S | $12,166.79 | $7,000.00 | $5,166.79 | $ 103.34 |
| | | | Total Tax | | $1,605.37. |

It being the understanding of the referee that no exceptions will be taken to this report, a journal entry may be submitted in accordance with these findings.