## GEORGIA SAVINGS BANK AND TRUST COMPANY

v.

**J. Frank SIMS, Guardian of The Person and Property of Alvina D. Sims, and Mrs. Josephine Lloyd.**

**Civ. A. No. 13926.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 4, 1971.

Alston, Miller & Gaines, Atlanta, Ga., for plaintiff.

Ware, Sterne & Griffin, Edgar C. Gentry, Shoob, McLain & Jessee, Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

This is a case of first impression under the law of Georgia.

Mrs. Josephine Lloyd, sister of Mrs. Alvina D. Sims, alleged that Mrs. Sims, now adjudicated incompetent, had deposited certain funds in a Certificate of Deposit and in a savings account as joint accounts with the intent that said funds should pass to Mrs. Lloyd upon Mrs. Sims' death. By like reasoning, she contended that the funds should pass to her by virtue of such incompetency. The guardian of the estate of Mrs. Sims, her husband, J. Frank Sims, met the challenge by insisting that the account and certificate belonged to her estate. Both claimed the funds held by the Georgia Savings Bank and Trust Company. In order to absolve itself of liability, the Bank interpleaded both claimants by instituting such an action in this Court. The Bank paid the funds into the registry of this Court and was discharged. Thereupon, a trial between the two claimants was held before the Court without a jury. Upon the basis of the testimony and physical evidence, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The findings of the Court are that Mr. J. Frank Sims is the husband of Alvina D. Sims and has been such since 1938; that he is the duly appointed and acting guardian of the person and property of Mrs. Alvina D. Sims, who is incompetent; that Mrs. Josephine Lloyd is the sister of Mrs. Alvina D. Sims, and that all three of the named parties are residents of and domiciled in the State of Florida.

In January, 1947, Mrs. Alvina D. Sims established a savings account known as passbook account No. 2763 with the Georgia Savings Bank and Trust Company of Atlanta, Georgia, with an opening deposit of $2,500.00. This account has been continued in existence with that bank until July 7, 1970, at which time it had a balance of $565.80. On December 8, 1958, said passbook account No. 2763 was converted into a joint account in the name of Mrs. Alvina D. Sims and Mrs. Josephine Lloyd. The Court finds that on the date of conversion to a joint account, the balance was $4,661.74. The Court further finds that all deposits to said account No. 2763 were made by Mrs. Alvina D. Sims.

The Court further finds that on August 7, 1959, Mrs. Alvina D. Sims made a loan of $5,000.00 to Mrs. Josephine Lloyd, the proceeds of which were received from account No. 2763 of the Georgia Savings Bank and Trust Company. This loan was repaid but the funds received on repayment were not redeposited to account No. 2763. At the request of Mrs. Alvina D. Sims, the Georgia Savings Bank and Trust Company on February 11, 1966, withdrew $5,000.00 from passbook account No. 2763 and issued a certificate of deposit No. 18115, which certificate was issued in the joint name of Mrs. Alvina D. Sims or Mrs. Josephine Lloyd. The Court finds that the issuance of certificate No. 18115 by the Georgia Savings Bank and Trust Company was contrary to the instructions of Mrs. Alvina D. Sims, and that the records of the Bank reflected the certificate to be only in the name of Mrs. Alvina D. Sims.

On January 4, 1967, for the purpose of increasing the interest rate, Certificate of Deposit No. 18115 was surrendered and replaced by Certificate No. 1490 in the principal amount of $15,-000.00, being a five-year certificate of deposit bearing interest at the rate of 5 percent per annum. Certificate No. 1490 was also issued in the name of Mrs. Alvina D. Sims or Mrs. Josephine Lloyd.

The Certificates of Deposit No. 18115 as subsequently replaced by No. 1490, were maintained by the Georgia Savings Bank and Trust Company in the sole name of Mrs. Alvina D. Sims until notified of the incompetency of Mrs. Sims. Said funds were maintained on deposit by the Bank until July 7, 1970, at which time the principal balance, including accrued interest, was $17,885.54.

Possession of the passbook covering Account No. 2763 and the Certificates of Deposit covering Certificates No. 18115 and 1490 was retained by Mrs. Alvina D. Sims or her guardian Mr. J. Frank Sims.

Mrs. Alvina D. Sims and her husband Mr. J. Frank Sims filed joint tax returns each year for many years, and all of the interest accrued or paid on the passbook account No. 2763 and Certificate Numbers 18115 and 1490 were returned for income tax purposes on the joint returns of Mr. and Mrs. Sims, and the accounts were returned by Mrs. Sims for Florida intangible tax purposes.

Mrs. Sims was a person of substantial means, whereas her sister Mrs. Lloyd was a person of modest financial means.

Mrs. Lloyd, pursuant to an invitation from Mr. and Mrs. Sims, moved to Florida in 1965 where she lived with Mrs. Sims for approximately one year and subsequently resided as next door neighbor to Mr and Mrs. Sims. During the period of 1965 and subsequent thereto, Mrs. Lloyd and Mrs. Sims were very close and Mrs. Lloyd stayed with Mrs. Sims while Mr. Sims was out of the city on extended business trips.

On December 8, 1958, Passbook No. 2763 was changed or amended to become a joint account bearing the names of Mrs. Alvina D. Sims and Mrs. Josephine Lloyd, the terms of which the co-depositor clause provided that withdrawals and requests for withdrawals therefrom could be made on the order of both or either of said named parties.

Mrs. Alvina D. Sims became incompetent in the year 1968.

## OPINION

The questions to be resolved are whether:

(1) The certificate of deposit for $15,000.00 should rest in the guardian or should be shared ratably between the guardian and Mrs. Lloyd, and,

(2) The Passbook Account No. 2763 should likewise pass to the guardian or be shared equally between the litigants.

As to question number one, the Court finds that the Georgia Savings Bank and Trust Company was negligent in processing the certificate in accordance with Mrs. Sims' wishes. Certificate No. 1490 was issued in the name of Mrs. Alvina D. Sims *or* Mrs. Josephine Lloyd contrary to Mrs. Sims' intentions. Such a mistake notwithstanding, the intent of the depositor was controlling. Bowen v. Holland, 182 Ga. 430, 185 S.E. 720 (1936) and discussion *infra*.

As to the passbook and the question of whether Mrs. Sims' guardian takes solely or the proceeds should be divided equally, the Court finds that all should pass to the guardian.

The question of whether a property interest in joint names with right of survivorship passes to a guardian upon the depositor's adjudication of incompetency, or to the joint and surviving copayee has not been decided in the Georgia courts. The question has been resolved, however, in other tribunals.

In Abrams v. Nickel, 50 Ohio App. 500, 198 N.E. 887 (1935), Nickel and Ella Wycoff opened a joint and survivorship account. They were unrelated, but Nickel had boarded with Wycoff for twenty-six years. The account was previously the sole account of Nickel, but he told the assistant cashier in the presence and with the approval of Ella that he wanted her to have the proceeds if anything happened to him. Although she made some deposits, most were made by Nickel who had control of the passbook. Upon Ella's adjudication of incompetency, Abrams was appointed her guardian.

The Court held:

"From the date of the guardianship, Ella Wycoff ceased to have any authority over the account. She could make neither withdrawals nor deposits. Obviously, also, the guardian could not become a joint owner of the account with Nickel. The guardian was entitled to whatever interest Ella Wycoff possessed in the account, but he could not, because he was her guardian, continue the joint arrangement. * * * The relationship of

the original parties had been broken. The effect of the appointment of the guardian was to terminate the agreement * * * principle[s] of equity require * * * an equal division of the account between the parties involved * * * [to the extent of their contributions]."

In the decision of In re Webb, 18 Ohio App.2d 287, 249 N.E.2d 83 (1969), the facts showed that George Webb opened a joint account in the names of both himself and his wife, Hazel. On January 24, 1961, Hazel closed the joint account. George subsequently became incompetent with Hazel being appointed his guardian on April 7, 1961. His son by another marriage filed suit to recover the funds for the father's estate.

The Court noted that in *Abrams* there was no obligation to support one another, the two being unrelated. It further observed that in Ulmer v. Society for Savings, Ohio App., 41 N.E.2d 578, where depositors were husband and wife, the husband was the sole contributor. He had the legal obligation to support the incompetent depositor, his wife. *Ulmer* said that when there is an attempt to divide the fund when both parties are living, opportunity should be given to prove just what interest each actually has in the funds. It is more equitable that each should be entitled to such funds as was placed in the account by each party thereto, rather than arbitrarily dividing it in two equal parts, unless a gift was intended as shown by proof. The decision was based on who had contributed to the account.

The Court in *Webb* was concerned with the intent of the depositor determining that the "realities of ownership" as shown by proof would control. It said that where "only the right of survivorship is involved, the sole question * * * is whether George had an intent to transfer a present interest in the fund to Hazel."

The Court further stated:

"Since a joint and survivorship account is not conclusive as to the contributor's intent, it follows that, where the evidence leads to the conclusion that his intent was merely to provide for his own convenience, such intent supersedes the form of the account. * * *

"George had not had any intention of transferring 'true' ownership in the account to Hazel, except for her right of survivorship."

Ohio laws on this subject are similar to Georgia's, that joint accounts do not affect co-depositors *inter se*, but is to protect the bank in its payment to one of the two. The Court thus held that incompetency of a co-depositor terminates a joint and survivorship account and upon incompetency, each co-depositor to such funds as were placed in the account by each party thereto could recover same. Hazel was therefore unable to recover any of the funds.

These cases and others indicate that incompetency terminates a joint account with right of survivorship. These and the others look to the intent of the depositor in opening and sustaining the account. For instance, National City Bank of Cleveland v. Hewes, Ohio, Prob., 186 N.E.2d 644 (1962) ruled that the form of an account is not conclusive as to the intent of the parties to create a joint and survivorship interest therein and that the intent of the depositor to create a right of survivorship must be proved.

In Pendley v. Pendley, 163 Misc. 571, 298 N.Y.S. 311 (1937), a husband was held entitled to sole possession of moneys deposited in a joint bank account with his wife, who was subsequently adjudicated incompetent, where there was evidence that the husband actually owned the funds deposited, and intended, by making a joint account, only a *causa mortis* gift and not a gift *in presenti*.

So too, the conservator was allowed to withdraw the funds of the incompetent, the Court in Manta v. Kahl, 348 Ill.App. 373, 108 N.E.2d 781 (1952) holding that the equities did not favor the other joint depositor with respect to ownership, for

the latter's failure to comply with the rules of the bank.

The Court in Steinmetz v. Steinmetz, 130 N.J.Eq. 176, 21 A.2d 743 (1941) also looked to the equities of ownership and found that each by signing the signature cards and contributing funds had the right to their respective contributions, the joint tenancy being terminated upon the incompetency of one.

Also refer to Re Estate of Cook, 282 Ill.App. 412 (1935).

Georgia cases cited by the litigants may be distinguished by their facts.

Clark v. Bridges, 163 Ga. 542, 136 S. E. 444 (1926) involved a situation where the depositor retained for herself unlimited right to check against the account. The Court held that "This would include the right to withdraw the deposit altogether, thus removing it from any dominion by the third party."

Citizens and Southern Bank of Ga. v. Taylor, 120 Ga.App. 353, 170 S.E.2d 447, rev. 226 Ga. 15, 172 S.E.2d 617 (1970) held that:

> "Joint tenancy, with its incident of survivorship, as it existed at common law, has been abolished in Georgia. Survivorship is not favored by the law of this State and never arises by operation of law. And even though the right of survivorship from a joint tenancy never arises by operation of law it is not prohibited, and a contract between the parties involved or their privies, which expressly or by necessary implication provides for it, may be enforced."

But, the Court emphasized that the intention of the signers of the bank cards was important. That case is distinguishable from the instant one in that both parties signed the signature card intending to create a right of survivorship whereas only Mrs. Sims signed the Georgia Savings Bank card.

A third case cited Leonas v. Johnson, 122 Ga.App. 160, 176 S.E.2d 506 (1970), pointed out that whether a joint tenancy "was intended to be created by the depositors * * * may be shown by circumstances such as the language on the signature card creating the deposit and indicating who is authorized to withdraw funds therefrom."

In addition to those cases, it should be observed that Georgia Code § 13–2039, providing that a bank may pay a bank deposit to either of two joint persons or the survivor, has reference only to the liability of the bank as to such deposit and does not affect the right to the property as between the parties. Quinn v. Forsyth, 116 Ga.App. 611, 616, 158 S. E.2d 686 (1967).

The contention that the passbook account with right of survivorship, as well as the certificate, amounted to a gift has no merit under McRitchie v. Atlanta Trust Co., 170 Ga. 296, 313, 152 S.E. 834 (1930) and Clark, supra, which held that both parties having joint control of the account would not make it a gift from one to another because there had been no relinquishment of dominion by the original depositor in that case such as would create a gift in presenti.

One case which did hold that the survivor of such an account might receive the residuum was Sams v. McDonald, 117 Ga.App. 336, 160 S.E.2d 594 (1968) involving a joint account, with right of survivorship, of a husband and wife. But that case, too, is distinguishable from the rules cited above because either or both depositors had the right under the rules of the depository association to withdraw the funds. It was agreed that either of the signatories who should first act should have the power to act in all matters related to the membership whether the other party named in the membership account certificate be living or deceased. A common control and dominion aligned with the right of either to act or withdraw at any time distinguishes Sams from the facts sub judice.

■ The facts in this case in juxtaposition to those of the compared citations and the law of Georgia and the above-referenced states leads the Court to but one conclusion. That is, that there was no intent on the part of Mrs. Sims to make a gift in presenti of the

certificate or the passbook account nor for either to pass to Mrs. Lloyd upon her adjudication of incompetency. Mrs. Sims had no intent to cause the $15,000 certificate to pass to Mrs. Lloyd even upon death. The survivorship clause was inserted in the certificate by the mistake of the Georgia Savings Bank.

 The Court further concludes that Mrs. Lloyd may not take the proceeds of the passbook account, even to the extent of one-half, because the survivorship clause was intended to be effective upon the death of Mrs. Sims, if not changed prior thereto. Mrs. Sims not being deceased, the Court follows the reasoning in the cases cited above to the effect that the joint tenancy was terminated upon the adjudication of incompetency. The Court cannot follow Howard v. Imes, 265 Ala. 298, 90 So.2d 818 (1956). That case and others, enunciating the equivalent rule, which are found in 62 A.L.R.2d 1086 at 1091 et seq. and which hold that the joint tenancy is not terminated, are based upon the inability of the incompetent to exercise a personal discretion or elective right. That is, under the law of each state represented, an act requiring the exercise of such a right of the incompetent cannot be performed by the guardian.

However, upon a close reading of that case and others with like holdings, detailed differences in the conflicting rules will be observed.

The facts in *Howard* were analogous to the circumstances herein. But, in *Howard,* the signature card provided that the joint account was subject to the order of either depositor, and upon the death of one of the depositors "the balance shall belong to and be subject to the order of the survivor." The depositor Mrs. Howard, contributed all sums to the account and opened it in the name of herself and Mrs. Imes, Mrs. Howard retaining control of the passbook.

In the instant controversy there was no language giving Mrs. Lloyd the right to withdraw funds, nor to control or possess the passbook. Nor, other than the language "Mrs. Alvina D. Sims *or* Mrs. Josephine Lloyd" was there any expressed or implied intent for Mrs. Lloyd to have any interest in the account.

Courts in other decisions found that some interest or control had been placed in the competent or surviving co-depositor.

The Court in Coolidge v. Brown, 286 Mass. 504, 190 N.E. 723 found that the incompetent depositor had intended to effect a gift *in presenti.*

In Drain v. Brookline Savings Bank, 327 Mass. 435, 99 N.E.2d 160 (1951) it found that the incompetent had made a completed gift to the joint depositor by stating that she intended the joint depositor to have the remainder in return for his taking care of her.

In Boehmer v. Boehmer, 264 Wis. 15, 58 N.W.2d 411 (1953), it was found that either husband or wife might have withdrawn the entire funds in his or her lifetime, so that the survivor would be the sole owner of the balance, the joint account not being merely for convenience in withdrawal of funds.

These cases, then, indicate that the Courts were looking to determine if a gift *in presenti* had been made or, if not, whether the competent joint depositor had indeed contributed to the account so as to have a proprietary and real interest in the account. If the law of the states were unable to resolve the questions, equity principles were applied.

Consequently, for the reasons discussed, the Court finds as a matter of law that Mrs. Lloyd had no interest in the passbook account because Mrs. Sims made no gift *in presenti* and she had control of the passbook, she contributed the funds to the account and she had sole ownership until her death at which time the funds would have passed to Mrs. Lloyd by survivorship. The equities and realities of ownership demand that the Court rule that the account was terminated upon the adjudication of incompetency of Mrs. Sims. Mr. Sims, her guardian, has the right to the funds as they are a part of Mrs. Sims' estate.