313 So.2d 411 (1975)
In re GUARDIANSHIP OF Edith WILLIAMS, Incompetent.
No. W-117.
District Court of Appeal of Florida, First District.
June 3, 1975.
Charles R. Booth, of Booth & Booth, Daytona Beach, for appellant.
Berrien Becks, Jr., of Becks & Becks, Daytona Beach, for appellee.
McCORD, Judge.
This is an appeal brought by Charles R. Booth as guardian of Edith Williams, an incompetent, from a final order entitled "Amended Final Order determining Rights of Parties Hereto." Berrien H. Becks, Sr., as guardian of Bell D. Stokes, an incompetent, is appellee.
*412 Appellant filed a petition in the trial court for Order of Direction in the guardianship of Edith Williams, incompetent. In the petition, appellant alleged that he had found two savings account passbooks, one with the First Federal Savings and Loan Association of Daytona Beach and another with the Daytona Beach Federal Savings and Loan Association. He attached to the petition copies of the account books which were in the names of Edith K. Williams and Bell D. Stokes "payable to either or the survivor." By the petition appellant requested that the trial court enter its order of instructions allowing him to use the funds as may be required for the care of Edith Williams and further requested that the court "declare and define that the said Edith Williams is the owner and proper person entitled to use the said funds during her life time." Appellee, Berrien Becks, Sr., as guardian of Bell D. Stokes, filed a reply to the petition admitting certain allegations contained therein. The trial court had both guardianships under its supervision and direction.
Appellant noticed the matter for hearing before the trial court and at the hearing it was stipulated that neither appellant nor appellee had any evidence to offer and that the question was one purely of law as to the disposition of the two savings accounts. The court then entered the order from which this appeal is taken ruling that the monies on deposit in the two savings accounts were the property of Williams and Stokes, both incompetent, as joint tenants. The order directed that appellant divide the funds equally between the guardianships of Williams and of Stokes and stated that appellant "shall transfer said monies out of the said joint names of said parties thus destroying the survivorship rights and shall keep on deposit the remainder of said bank accounts as an absolute asset of the said Edith Williams, and that the monies paid over by Charles R. Booth, as guardian aforesaid, unto Barrien H. Becks, as guardian of Bell D. Stokes, as set forth above shall be, and determined to be the absolute monies of the said Bell D. Stokes, and shall be used and employed as an asset of her estate." The trial judge further ruled "that neither of said guardians shall regard either of said monies as `joint with the right of survivorship.'"
The sole question here is whether or not the trial court erred in terminating the joint accounts and requiring that the monies therein be distributed equally to the respective guardians' accounts of the two incompetents. We find that such was error.
The parties stipulated before the trial court, as aforesaid, that they had no evidence to offer. Thus, no evidence was presented as to the actual ownership of the accounts and we can only conclude that the accounts are what they purport to be  joint accounts with the right of survivorship. The question of whether or not the court was authorized to terminate the two "joint accounts with right of survivorship" because both joint owners had become incompetent appears to be one of first impression in Florida. From an annotation appearing in 62 A.L.R.2d 1091, 1095, we find it is the general rule that a guardian of an incompetent has no right to make withdrawals from the ward's joint bank account other than for the purpose of paying for his ward's necessaries. The annotation further states as follows:
"... Thus, it may be stated as one fairly general conclusion that an effect of incompetency is the loss to the incompetent's estate of whatever discretionary property rights he may have had, leaving his estate with, at most, if it is assumed he remains incompetent, a potential right of survivorship, unless a court may decree a sole right of possession in it either because of equities existing in its favor, or because of special rules relating to the effect of incompetency which do not exist in most jurisdictions."
We have not found any such rules existing in Florida and no evidence was presented *413 on which the trial court could have determined the existence of equities justifying termination of the joint tenancies and rights of survivorship. Although the facts and the questions involved in the cases discussed in the annotation vary, we find the general rule to be that a guardian has no title to the property of the ward; that his authority to use proceeds of a joint account is limited by the necessity of the ward.
A somewhat analogous case to the case sub judice is Howard v. Imes, 265 Ala. 298, 90 So.2d 818, 62 A.L.R.2d 1086. The question presented there was whether or not a bank, as guardian of an incompetent, had the power to withdraw all of the funds from the joint account of the incompetent and another even though the funds were not needed for the care and maintenance of the incompetent, so as to prevent the other joint owner from taking as survivor. Citing numerous authorities, the Supreme Court of Alabama stated:
"It appears to be the generally accepted rule that a guardian cannot exercise a purely personal elective right of his ward."
* * * * * *
"In applying the rule it has been specifically held that the guardian of a non compos mentis cannot withdraw all the funds in a joint account except for the ward's necessities, since such complete withdrawal would be the exercise of a personal right of the ward."
While the above authorities do not go to the specific point of whether or not the court is authorized to terminate a joint account with right of survivorship, such authorities do indicate that a guardian may only draw upon a joint account for necessities of his ward. Such being the case, we find no basis in the record to justify the trial court's termination of the joint account and division of the proceeds between the estates of the two incompetents. Each owner should continue to have the right of survivorship should the other joint owner die. In the meantime, either guardian of the joint tenants should have the right to draw on the account, but only for necessities of his incompetent ward. Reversed with directions to reinstate the joint accounts with right of survivorship.
BOYER, Acting C.J., and MILLS, J., concur.