STONE, Judge.
We reverse a final order that permitted Appellee, a plenary guardian, to change the ward’s estate plan by naming a new beneficiary. Appellee, a professional guardian, was appointed guardian of the person and property of Ruth Sherry, who was incapacitated by reason of dementia.
Ruth and her husband, George Sherry, were the grantors of the Sherry family trust; the trustee was Harold Sherry, George’s son and Ruth’s step-son. Ruth’s will provided that all her assets would be placed in the trust at her death. The trust provided for distribution of the remainder interest to Harold and his wife.
Prior to the adjudication of Ruth’s incapacity, George had filed a petition for dissolution of their 24-year marriage. Thereafter, the trial court in the guardianship matter approved a separation agreement, submitted by Ruth’s guardian ad litem, providing for Ruth to receive half the couple’s assets by means of a distribution of corpus from the Sherry family trust. The agreement also provided for the trust beneficiaries to waive their interests in the trust; George had signed the agreement, as had Ruth’s guardian, but Harold and his wife did not agree to or sign it.
Appellee petitioned the court, pursuant to section 744.441, Florida Statutes, to create a new trust from Ruth’s assets, with himself as trustee. He asserted that it was Ruth’s desire that her friend Tillie Fields, sister of the ward’s deceased first husband, be the sole beneficiary of her estate. The proposed trust would pay Ruth’s expenses *660 during her life and provide for the distribution of any remaining funds to Fields upon her death.
Harold, as trustee of the Sherry family trust, filed an objection to the petition. He stated that the ward lacked the mental capacity to change her will, that Fields had never been Ruth’s friend, and that “[t]here was mutual antagonism, disrespect, and contempt” between Ruth and Fields. He also alleged the ward was confused and on occasion had mistaken his wife Marilynn for Fields. Harold also noted that Ruth did not now have the capacity to make gifts.
A trial was held in which conflicting evidence was presented as to the ward’s relationship with each of the affected parties. We note that there was no direct proof that Ruth intended to make Fields her beneficiary.
Section 744.441(19), Florida Statutes, permits a property guardian, with court approval, to “[cjreate ... trusts of property of the ward’s estate ... in connection with estate, gift, income, or other tax planning or in connection with estate planning.” Other subsections of the same statute permit a guardian, with court approval, to make gifts of the ward’s property to family members for estate and income tax purposes, § 744.441(17); to execute a codicil to maximize the charitable deduction from a split interest trust already in the ward’s will, § 744.441(18); to disclaim a devise or gift the ward would otherwise receive, § 744.441(20); and to enter contracts in the ward’s best interests, § 744.441(21).
We hold that the trial court erred in approving Appellee’s petition to create a trust that would change the ultimate beneficiary of Ruth’s estate from Harold and his wife to Fields, as it is clear that doing so had nothing to do with either tax or estate planning, as authorized under the statute. No benefits will accrue to the estate as a result of the guardian’s substituting his judgment of what the ward would do now if she were not incapacitated. There is no reason to believe that the legislature intended section 744.441(19) to negate the general principle that a guardian cannot exercise a purely personal right of the ward. In re Guardianship of Williams, 313 So.2d 411 (Fla. 1st DCA 1975).
Both parties rely upon Goeke v. Goeke, 613 So.2d 1345, 1347 (Fla. 2d DCA), rev. denied, 621 So.2d 1065 (Fla.1993) and In re Guardianship of Bohac, 380 So.2d 550 (Fla. 2d DCA 1980). In Goeke, the ward had signed an individual retirement account (IRA) beneficiary designation listing his son John as the primary beneficiary and his son James as the secondary beneficiary. Later, he had executed two wills, each leaving all his property to both sons equally. After becoming guardian, John had used his power of attorney to designate both brothers as equal beneficiaries of the IRA; however, when the brothers’ relationship soured, he sought court approval to change the beneficiary designation again so that he alone would receive the account. The trial court felt it was obligated to enforce the ward’s own earlier designation of John as primary beneficiary, though it preferred to leave the two sons as equal beneficiaries. Id. at 1346-47.
The Second District agreed that John’s use of the power of attorney was invalid because the power was revoked by his father’s adjudication. Id. at 1347. However, while also agreeing that a guardian has no broad power to write a will for the ward, the court noted that designating an IRA beneficiary was not equivalent to amending a will. It concluded that the court could approve the designation of the estate as beneficiary of the IRA to assure that the IRA assets would pass equally pursuant to the will. The appellate court in Goeke did note that subsections 744.441(17), (19), and (21), Florida Statutes (1991), supported its decision that the guardian may create and modify IRA accounts when in the ward’s best interest. Id. at 1348.
In Bohac, the court affirmed an order denying a guardian’s petition to make inter vivos gifts of the ward’s property even for tax purposes, to persons named in her will, but to whom she had not made any gifts while competent. However, the Bohac court approved the doctrine of substituted judgment, pursuant to which courts have allowed a guardian to benefit the ward’s relatives upon a finding that the ward would have done so if sane. Id. at 552. Nevertheless, that court did not extend the doctrine to the extent done in the instant case, notwithstand- *661 mg that Klevansky may have been attempting to carry out changes that he believed Ruth would have wanted.
We conclude that placing Ruth’s property in a trust that will pass on her death to a beneficiary different from the ones who would receive her assets at death under the estate planning documents existing on the date of her adjudication is tantamount to amending her will. Section 744.441 does not include a provision permitting guardians, even with court approval, to amend their wards’ wills, other than in the limited circumstances authorized in subsection 744.441(18). Absent clear legislative authority, subsection 744.441(19) should not be used for that purpose. We do not believe the Goeke decision supports the trial court’s order; the Goeke court did not go that far. In suggesting that the trial court could authorize the guardian to designate the estate as beneficiary of the IRA accounts, it recommended a course of action that merely would effectuate the ward’s preexisting will. In contrast, here Appellee has been authorized to prevent Ruth’s property from passing under her will.
Therefore, the order is reversed. Upon remand, the guardian’s petition shall be dismissed.
DELL, J., and KAHN, MARTIN, Associate Judge, concur.